*524 OPINION of the Court, by
Ch. J. Bibb.-
This is a wriCof error and supersedeas to a judgment against Gilkerson and bail. The statement of so much of the case as is necessary to the understanding of the errors assigned is'as follows.
Flower sued his writ in covenant against Gilkerson, demanding bail, which was returned executed, Egnew bail, accompanied by a bail bond, according with the *525 sheriff’s endorsement. At the term to which the writ was returnable, the plaintiff and defendant, by a rule of court, mutually submitted all matters in difference between them to certain arbitrators, whose award, or that of their umpire, was to be made the judgment of the court. After many continuances on the rule docket, Flower declared upon a covenant, mutually entered into, by which Gilkerson agreed to give a certain hire to Flower for his horse, “ for said Giikersotv’s wife to ride to the settlementand therein covenanted, amongst other things, to return the said horse to said Flower, or his order, as soon as possible after the said Gilkersoa’s return, &c. &c. The breach assigned in this part of the covenant is, that he did not return the said horse after the said Gilkerson’s return from the settlement, nor at any time before, although often requested by the said Thomas Flower on the said Gilkerson’s return from the settlement, and afterwards, &c. The order of reference having never been rescinded, the plaintiff in the action had judgment by default, and an inquisition of damages against Gilkerson and bail.
To execute writ of Inquiry and take judgment whiift order of fubmíf* iron to arbitrators is ftanding. on the docket undtfpofed oi9 h erroneous.
The first assignment of error was the want of a bail band to support the judgment against the bail. This has been cured by a return to the certiorari.
The next assignment in order objects to the declaration that no special demand of the horse is alleged.
It seems to the court that no special demand was necessary. The covenant was not to return him on demand ; a request made no parcel of the covenant. Gilkerson was bound to return him as soon as possible after his return from the settlement. Peradventure Flower might not have known when Gilkerson did return ; and yet the redelivery of the horse after that event was a subsisting duty on the part of Gilkerson before any request, and therefore the allegation of sepe-requisitas is sufficient.
The other assignment objects to the inquisition of damages, because the matter had been referred, and that order had never been set aside.
Thus to proceed in court, whilst the submission to arbitrators was pending and undisposed of, is calculated to surprise and to cut off all defence. This effect stems to have been the consequence in the present instance. As the defendant below did not appear to the action *526 after the submission, or do any other act which ean rea» sonably imply an assent on his part to waive the subr mission to arbitrators, the procedure must be deemed gx parte and unwarrantable. — —Judgment reversed.