Judge Mills
delivered the opinion.
George Cundiff and James Eastham, sen. conveyed to Thomas Hail a tract of sixty- five acres of land by deed with general warranty. Part of this land was evicted by a paramount title, and Eastham being th«B dead, Hail brought his action of covenant on the warranty against George Cun-diff, the surviving obligor, and recovered a verdict and judgment for the value of the land lost. - .
To be relieved against this judgment, George Cundiff fded this bill, staling that the tract so conveyed was part of a larger tract of One thousand acres, patented in the name of Philip Turpin. That two hundred and fifty acres, part of this fract, was sold for taxes, and two bundled and fifty acres more was convfeyed to the locator in discharge of his services, by which means the original quantity in the tract was reduced to five hundred acres. That Turpin then contracted to sell this balance of the tract to John Smith, by some contract not shewn in the cause, and Smith failed to pay all, and perhaps any part, of the purchase money. That Smith, while he thus claimed the land* sold about forty-seven acres, part thereof, on the east side of Pitman’s creek, to James Eastham, jun.; but on what terms does not appear. That some time after this, it was ascertained that Smith could not comply with his contract with Turpin, and it was agreed between Smith and one Jonathan Cun-diff, (son of George the complainant,) that Jonathan should take the contract of Smith with Turpin upon himself, should pay Turpin the purchase money, and receive the conveyance to himself; but that out of this contract Smith excepted, and did not sell, td Jonathan Cundiff, the aforesaid forty-seven acres sold to James Eastham, jun. That Jonathan Cundiff then sold to the complainant, George Cundiff, the whole tract for a valuable consideration, paid in other lands in Virginia, still reserving the said forty-seven acres, which Smith had sold to James Eastham, jun,. That anterior to this sale, James Eastham, sen. had sold, Or in some effectual way, bound himself to convey to John Cundiff a different tract of land in another county, and that John Cundiff and James Eastham, jun. made some bargain by which they exchanged lands, and John Cundiff wSs to have the part east of Pitman’s creek, including the *51 íbrty-seven acres, now the subject of dispute, bought by James Eastham, sen. of John Smith, and James Eastha||, jun. received from him, in exchange, the Iract of land in tbe other county, to wit, Pulaski, which Janies Eastham, jun. had gotten from James Eastham, sen.; and that in said exchange between James Eastham, jun. and John Cundiff, he, the said James Eastham, jun. in some effectual way, unknown to the complainant, bound himself to make io John Cundiff a good and sufficient title to the lands so exchanged, now the subject of controversy. Thai John Cundiff having, by the exchange, become possessed of the forty-seven acres east of Pitman’s creek, sold it, and eighteen acres more adjoining it, out of another claim, making in the whole sixty-five acres, to Thomas Hail; and that all these transactions bad taken place before any conveyance er conveyances were made by any of tbe parties: and on tbe 12th March, 1810, said Turpin, the patentee, instead of conveying either to Smith or Jonathan-Cundiff, conveyed, by deed of general warranty, the whole tract of five hundrej acres, being the balance of his patent; — That said deed was procured to be made from Turpin, through the instrumentality of Jonathan Cundiff, when be, George Cun-diff, was not present; and that the deed, as he was informed, and believed, was made to include the whole tract, and not exclude the forty-seven acres then held by John Cuudiff, and by him procured from James Eastham, jun. by some arrangement or agreement between the parties, to save the trouble and expense of intermediate conveyances on the several contracts; and that the conveyance should be made by Turpin to him, George Cundiff, uujer the belief and un - derstanding, that be would convey to Hail without objection, or to tbe person entitled to the forty-seven acres, as it was then believed tq be included in the patent, and no dispute then existed on the land That the title of the other eighteen acres, which, added to tbe forty-seven,'composed Hail’s sixty-five acres, was in James Eastham, sen. anti he was hound to convey it; and the title of the forty seven being in George Cundiff, the complainant, he and James Eastham, sen. made a joint conveyance by deed of general warranty to Hail, on which the judgment at law was recovered. That it was believed by himself, Hail, and all the parties, who had concurred with, or held the said forty-seven acres east of Pitman’s creek, that it was included in Tin-pin’s patent, but that an ejectment had been brought i« *52 the names of persons claiming under another original patent in the name of Thomas Todd, against Hail; and ⅛ that ejectment it had been made to appear, that the forty-seven acres were not, in fact, included within Turpin’s patent, when its true boundaries were ascertained, andfyy this means the land was lost, which subjected him to the action on the warranty. He relies upon the fact, that his deed Was voluntary, and made for accomodation only — that the consideration paid for the forty-seven acres passed to John Cundiff, and that he received not one cent. He makes Jonathan Cundiff. John Cundiff. James Eastham, jun. the executors of James Eastham, sen. John Smith and Philip Turpin, defendants, and prays relief against the judgment at law: but if thiq cannot be granted, a decree over against the others, or some of them, lor the amount of the judgment.
Against the defendants, Philip Turpin and John Smith, publication was made as non-residents, and the bill taken as confessed. 1 bomas Hail, Jonathan Cundiff, John Cun- ' diff, James Eastham, jun. and the executors of James East-ham,sen. all answered the bill separately. By their answers, the most prominent features detailed in the bill, as composing the history of the case, appear to be correct, and they are added to, and varied in, the following particulars only. The defendant, Hail, insists, and makes it appear in proof, that he did riot purchase the forty seven acres, and the eighteen adjoining, of John Cundiff, until after the complainant held the title and resided on the land: — that being aware that the title of the forty-seven acres was in the complainant, he refused to make the contract with John Cundiff until he consulted the complainant, and was assured by him, that if he bought of John Cundiff, he, the complainant, would make him a good and sufficient title, with general warranty; and that he, the complainant, also stated, that it was the arrangement Or agreement of his son Jonathan, that the title should be made to James Eastham, jun. while he held the land, and that he, the complainant, would comply with the agreement of his son Jonathan. With this, also, accorded the answer of John Cundiff. The answer of James Eastham, jun. states, and the proof accords with the statement, tljat he had first purchased of Smith ninety acres, and resided thereon; that Jonathan Cundiff came to this country, bringing with him the con-vdvacce of Turpin to his father, the complainant, before *53 the complainant arrived in the state, and claimed to be the agent of the complainant, and that be did not acknowledge that there was any exception in the contract with John Smith or Turpin, of the part sold to James Eastham, jun.; but, on the contrary, claimed the land as belonging to hist father, and brought a writ of forcible entry and detainer to oust the said James Eastham, jun. That the jury agreed that the title was in George Cundiff, the complainant, but refused to find for him, because Jonathan Cundiff could not produce to them a written authority, evidencing his agency for BaidGeorge Cundiff. That on this opinion of the jury being known, the said Jonathan Cundiff and James East-ham, jun. compromised, on the following terms: James Eastham surrendered to him so much of the ninety acres,' which he had purchased of Smith, as reduced it to forty-seven acres only, now the subject of controversy, and paid him sixty dollars, and also surrendered to him the writing which he, James Eastham, jun. held on John Smith, for the conveyance of the tract, and he, Jonathan Cundiff, then faithfully engaged, that he or his father, George Cun-diff, should make him, the said James Eastham, jun. a complete title, with warranty to the forty-seven acres, now lost by the defendant Hail; and it was this agreement of Jonathan Cundiff to James Eastham, jun. which George Cun-diff, the complainant, agreed to fulfil and abide by, as made by his son, and which he actually performed in making the conveyance to Hail. Jonathan Cundiff alledges, that in making this compromise he was the agent of his father.— The fact, however, seems to be, that he had bought the whole tract for himself, and bad exchanged it with his father for other lands in Virginia, and in completion of this exchange, he procured the title to be made directly by Turpin to his father, and after this, on his visit to this country, where he made the compromise, he was endeavoring to procure the possession for his father; and that having received the sixty dollars, and reduced the purchase and possession of James Eastham, jun to forty-seven acres, this quantity was to be made good to Janies Eastham, jun, and his father afterwards took possession of all but the forty-seven acres, and agreed to abide by and ratify his son’s agreement.
As to the executors of James Eastham, sen. it is clear that their testator united in the conveyance with George Cundiff for the purpose of conveying and securing the eighteen acres, adjoining the forty seven, to Had, and that *54 the eighteen acres is not evicted or affected by the recovery *la'* ^ Paramount title °f Todd.
The circuit court dissolved the injunction, and dismissed (he hill with costs and damages as to Hail. The bill was, also dismissed with costs as to Philip Turpin, John Smith, and the executors of James Eastham, sen. But there was an interlocutory decree as to Jonathan Cundiff, John Cun-did’. and Janies Eastham, jun directing that the complainant, George Guodiff, should recover against them the sum for which he was bound, according to the proportions which each had received, and that these proportions should be ascertained by the enquiry of a jury empannclled for that purpose.
At this stags of the cause, George Cundiff appealed; and the merits of this decree, so far as it is final, to wit, between the complainant and the defendants Hail, Smith, Turpin, and the executors of James Eastham, sen. is now to be considered. The deed made by George Cundiff and James Eastham, sen. to Hail, in usual form acknowledges the consideration paid, of five hundred, dollars to them, and contains clauses of general warranty. A$ po fraud or mistake is alledged in writing this deed, had the defendant, Hail, pleaded and relied upon it as conclusive against the relief, it might have presented an important question in his favor, how far the chancellor would have admitted that consideration to be impeached and enquired into., or how far he would have allowed other proof to say, that the deed was voluntary, and that the consideration which it alledg-ed to have passed, did not, in fact, pass to the grantors as between the parties to the deed. But, as the defendant, Hail, has not availed himself of this advantage, but has went info a candid exposition of all the facts and circumstances, and has shewn how the consideration did actually pass, in money, to John Cundiff, and under what circumstances and assurances of the complainant he paid that money, and bow the complainant assumed upon himself the responsibility created by the deed, we shall consider whether, under these facts and circumstances, the complainant, now appellant, is entitled to relief against the judgment at law.
It is not necessary in all cases that a consideration, to be valuable, should consist of money, or other articles of value, paid and passing from the buyer to the seller. it may, and does, frequently consist óf an inconvcni- *55 fence or injury to the buyer, resulting from the acts and assurances of the sellei1, and by this, even in contracts by pa-rol at common law, where they are affected by no statutory provision, a valuable consideration is raised sufficient to support an action. This principle will be much stronger when that consideration is supported by deed. In the present case, Jonathan Cundiff, in attempting to acquire possession of the whole five hundred acres for his father, enT larged it, equal to the difference between ninety acres and forty seven, and received sixty dollars — look up the contract between James Eastbam; jun. and Smith* which might have created an equitable incumbrance upon the land. For all these advantages the said Jonathan engaged a good title, then held by bis father to the forty-seven acres. With this arrangement the complainant, George Cundiff, express^ ted himself satisfied — by it he agreed to be bound,. And when Hail was about to contract with John Cundiff, he declined doing so unless be was assured that he could get tbs title held by the complainant, conveyed to him with warranty. The complainant assured him he sheuld have it, and reiterated his determination to be bound by the arrangement or agreement of Jonathan Cundiff. On the faith of* these assurances, the defendant, Hail, parted with his money to John Cundiff for the land, and in fulfilment of them the complainant executed the deed io question, and the defendant, Hail, by this means, had no other person bound to warrant the land Under such circumstances we have no hesitation in sayihg* that George Cundiff is entitled to no relief against his deed and the judgment at law thereon; ánd that the decree of the court below, as between ihe complainant, George Cundiff, and Hail, is intrinsically correct.
As to the executors of James Eastbam, sen. whose testator appears to be jointly bound in the deed to its w hole extent, it was competent for them, in any contest between them and the complainant, a joint grantee* to shew that tbeir ancestor was bound only for half the land, as joint partner in the transaction, and of course, that the Catate of their testator was only bound to contribute a moiety of the damages; — or they might shew that their testatof Was only a security, and not bound to contribute any thing to his principal, as is the case between joint obligors. It then clearR follows, that they might shew that, his interest only Extended to eighteen acres, part Of the sixty-five, and these *56 eighteen'were not evicted, and of course, that as no pari the land was lost, which his warranty was intended to secure, as between him and his co-grantee, his estate could not be bound to contribute any thing. We therefore perceive- no objection to the decfee of the court below as to his executors.
Hardin for appellant, Crittenden for appellee.
With regard to the defendant, John Smith, we likewise approve the decree of the court below. The contract between him and James Eastham, jun. is not before the court. Its extent and the nature of it, we cannot know. Whatever it was, it was taken up by Jonathan Cundiff, who, according to the complainant’s own shewing, was then* and before, had become bound to stand in Smith’s shoes, and by the acts of Jonathan the complainant agreed to be bound.
As to the decree between the complainant and defendant Turpin, we have still less doubt. It is true his deed is one of general warranty to the complainant. But he only sells and conveys to his patent boundary, and therefore did not sell of warrant the land in controversy. It does not appear that be ever represented tbe forty-seven acres to be included in his patent. This seems to be a mistake, which has arisen.aiiwng the Subsequent vendees, for Which he cannot be responsible, as the land is lost, not because his patent was inadequate to save it, but because it was not within the patent.
As to the other defendants, the decree is not final, and their case is not before the court, and between them and the complainant we cannot adjudicate.
The decree of the court below must be affirmed with costs and damages upon the damages given in the court below, on the dissolution of the injunction as to the defendant Mail.