*331 Opinion op the Court,
by Ch. J. Boyle.
THIS was an-action of assdmpsit, brought by Grimes as the assignee, against 0wings and Weir, the assignors of a note executed by Lewis Sanders, for $420, paya* ble to O wings and Weir, and assigned - by them to Grimes. The declaration, after setting out the and the assignment, alleges that Grimes had, with due diligence, prosecuted a suit upon the note against Sanders, and had failed to recover the money, whereby 0wings and Weir became liable to pay, and being so liable assumed, &c.
Owings and Weir, besides the general issue, pleaded a specie plea, in which they in substance- allege, one James Fleming loaned to Sanders-$2000, at unlawful interests of twelve percent, perannum, and secure the payment of $420, part of the sum so loaned, Sanders executed the note in question, with Owings *332 and Weir as endorsers, which said note was afterwards sold and delivered by Fleming to Grimes, and the endorsement being in blank, was filled up with an assign-to Grimes; of all which premises, he had full
The assi ment befogín blank, does not affect the an^authfrity to the holder of the note to dorsement6n"
The plaintiff, in addition to the execution of “no erty,” and dant delivered into jail,” to enable him muste°riiow what was the result of his last step.
m i 1 . , , , , , , lo this plea', Grimes demurred, and the circuit court, on the demurrer, adjudged the insufficient.
On the trial of the general issue, Grimes proved, by the production of the record, that he had prosecuted suit with due dilligence and obtained judgment upon ^ie note aoa’nst Sanders; had issued a fi. fa. which was returned nulla bona, and then issuetl a ca. sa. upon which the sherriff returned that he had taken Sanders and delivered him into the of
This being all the evidence on the part of Grimes, Owings and Weir thereupon moved the court to direct the jury to find as is in case of a nonsuit; but the court overru^ec^ the motion, to which they excepted. They then produced testimony conducing to prove the facts alleged in their special plea, and asked the court to instruct the jury, if they believed these facts, that they should find for Owings and Weir; but the court reftisthe instruction, and they again excepted, and a verdiet and judgment having been rendered against them, ^ey have brought the case to this court by writ of erTOl’.
We have no hesitation in concurrring witli the circuit court> *n adjudging the special plea of Owings and Weir, insufficient. The matter of the plea is, indeed, unquestionably sufficient to show, that the note being given for an usurious consideration, was void under the statute then in force against usury, and the principie is indisputable, that a note or bond, given upon an usurious consideration, is void in the hands of the assignee, as well as in the hands of the obligee or payee; but it does not follow, that the assignment of the hote or bond is void, and creates no obligation upon the assignors. The assignment is a separate contract from the note or bond, and founded upon a different consideration, and though the note or bond be void, the assignment may, nevertheless, be valid. It is, in truth, a part of the legal obligation of the assignor of a note or bond, that he will be responsible for the validity of the note or bond, and to allege the note or bond is void, and cannot be enforced against the payor or obligor, is alleging that *333 which instead of discharging the assignor, renders self responsible. The circumstance that the endorsement of the note by Owings and Weir was in blank, cannot, we conceive, affect the case. Such an endorse-. ment is understood to give an authority to the holder of the note, to fill up the endorsement with words of transfer to himself, and thus to complete his title to the note, and his right of recourse to the endorsees, in case of his failure to collect the money of the payor. Nor do we apprehend that Grimes, the assignee, having a knowledge of the usurious consideration of the note, can affect the liability of the endorsers. That circumstance would furnish an additional motive with Grimes, to require responsible endorsers; but could not upon any rational principle, operate to discharge them.
The point made in the circuit court, upon the evidence produced by Owings and Weir, is in effect, the same which was decided upon the demurrer to the plea, and need not be further noticed.
The point made in that court upon the evidence adduced by Grimes, presents a question of a different aspect. It has been long settled, that the assignee of a note or bond, not being negotiable as a mercantile instrument, must, to enable himself to recover of the assignor, prosecute the payor or obligor to insolvency, and this does not appear, from the evidence in this case, to have been done. By causing Sanders, the payor of the note, to be tallen and delivered into jail upon the cct. sa. Grimes had, no doubt, done all that was necessary for him to do. That was the ultimate means the law afforded him, of coercing the payment of the money, or the surrender of his property by Sanders, and he was clearly not bound to take any farther step for that purpose; but he has failed to show what was the result of this last step taken by him, and this, we apprehend, it was incumbent upon him to do, to enable him to maintain this action. ' The circuit court, therefore erred in not instructing the jury as in case of a nonsuit.
The judgment must be reversed with costs, the cause be remanded that the verdict may be set aside, and a new trial had, not inconsistent with this opinion.
Shortly after the opinion was given, the late Gen. Hardin presented the following petition for a rehearing:
*334 The counsel for, the appellee, respectfully asks for the court a reconsideration of so much of the opinion delivered in this cause, as determines that the execution of the ca. sa. against Sanders, by putting him in prison, is not sufficient to entitle the assignee to recover of the assigor, without showing what was the result of that imprisonment.
It is admitted, that if it resulted in a payment to the plaintiff in whole or part, this would bar a recovery to that amount; but it is not understood to be intended by the court to say, that if the defendant remains obstinately in the bounds, that the assignee never can recover of the assignors. When the holder of anote puts-the defendant in custody of the officer of the law, he has gone the whole length that the law affords him. If, after the ca. sa. Is returnable and returned, no payment be made, the fair inference or presumption of fact, and it is conceived, of law too, is, that the defendant cannot pay. It has been decided, and very correctly, that notwithstanding a return of nulla bona on the fi. fa. and the commitment to prison of the defendant on a ca. sá. the assignor, when sued, may by evidence show that the defendant had effects sufficient to satisfy the debt, and that the offiicer should be resorted to for his false return.
As the defendant is at liberty to show any of these matters, he would surely be at liberty to show, that after the return of the ca. sa. in the case in question, there had been payment or satisfaction of the debt, in part or whole.
The decision of the court, then, is not understood as introducing any new questions of fact into these cases; but has only directed, that the plaintiff must prove what occurred after the defendant was committed to prison. It is respectfully contended, that the onus probancli lies on the defendant, if he deems it material; for, first, if any thing were paid, &c. afterwards, it is an affirmative, and he who alleges it, ought to prove it; but secondly, by the return of the fi. fa. nulla bona and ca. sa. cepi corpus, they create at least prima facie evidence of insolvency; and where prima facie evidence is adduced, that is sufficient until the contrary be shown.
A reconsideration or rehearing of the ease, is respectfully requested.
M. D. HARDIN, for appellee.
But the court, on consideration, overruled the petition.