The Chief Justice

delivered the Opinion of the Court.
On the 5th of July, 1832, Henry Daniel gave his promissory note to Samuel P. Carson, for fifteen hundred dollars, payable at the United States’ Bank at Philadelphia, six months after the date thereof — on which the name of the payee, and that, also, of Warren R. Davis were endorsed. After the death of Davis, Herman Cope, the holder, wrote above Carson’s name an assignment to Davis, and over the name of Davis, an assignment to himself, Cope.
To a petition and summons brought on the note, in the name of Cope, as assignee, Daniel pleaded the fact that the endorsements were blank until after Davis’ death, and the Circuit Judge, being, as we presume, of the opinion that the blank endorsements had not passed the legal right to the note, and that, therefore, the implied authority to fill up assignment from Davis, had been revoked by his death, and that there could have been no legal assignment to him after his death — overruled a demurrer to the plea; and thereupon, the plaintiff failing to reply, judgment was rendered in bar of the suit.
*416 The sufficiency of the matter thus pleaded, to bar the action in Cope’s name, is the only question for revision by this Court.
Whether the note was assignable, so as to pass the legal right to the assignee, depends on the law of Pennsylvania, of which we have no judicial knowledge. But it has been decided that a statute of this state, enacted in 1798, authorizes a suit here in the name of a foreign assignee of any such obligation, although the lex loci contractus may have entitled him to only a beneficial interest.
And therefore, presuming, as we must do, that the common law prevailed in Pennsylvania, at the date of the note and of the endorsements on it, if, according to that bode, those endorsements, though blank, passed to Cope any right to the note; he may maintain this action in his own name here, for, if a. right was vested in him, the death of Davis did not divest it; and, still holding the right, his implied authority to fill up the assignments, and which was incidental to the title to the note, could not have been revoked by Davis, or Davis’ death; and consequently, as the lex fori must control as to the form of the remedy, his suit is rightly brought, even though his right to the note, according, to the lex loci, may be only equitable.
We shall, therefore, consider the case as we should do had the note keen drawn and endorsed in Kentucky.
In his treatise on bills, page 134, Mr. Chitty says — “It “has been said that such an endorsement (of the name “ merely) does not transfer the property and interest in “ the bill to the endorsee, without some further act; but “ that it gives him, as well as any other person to "whom: “ it is afterwards transferred, the power of constituting “ himself assignee of the beneficial interest in the bill, “ by filling it up payable to himself (as by writing over “ the endorser’s name, “pay the contents; ”) which he “ may do at the time of the trial: it is now, however, “ considered that a blank endorsement is sufficient of ‘‘ itself to transfer the right of action to any bona fide “ holder. ” And this, last seems to us to be the true doc trine as now understood and applied. The more ancient *417 cases, which Mr. Chitty understood as importing a different doctrine, show only, what is yet true, that the mere! endorsement of the payee’s name is equivocal, implying that the endorsee or holder may do as he may choose with the note; and that, therefore, as he may either hold it as agent, or return it, or write above the endorser’s name, either a receipt or an assignment to himself, or to any other person — the endorser’s name alone cannot show conclusively, that he had sold and transferred the bill to the holder, or divested himself of his pre-existing right thereto.
This is the only principle established in Clark vs Pigot, (1 Salk. 126,) and Lucas vs Haynes, (Ib. 130,) and in other adjudged cases on the same subject. But all those cases, and the principle recognized in all of them, show clearly, that a simple endorsement of the name of the payee or endorsee, vests in the holder to whom the bill, thus endorsed, is delivered, an implied right, as endorsee, to receive the amount of the bill, or to destroy it,, or to negotiate it for his own benefit, just as he may elect, and an irrevocable authority, therefore, to manifest his election, or exhibit specific evidence of it, by filling the blank with words importing a full and formal assignment to himself. This is all implied by the endorser’s name; which binds him irrevocably. Yet, until the blank be filled, by a formal assignment to the holder, he cannot recover, though he may sue, on the bill in h'is own name, because the endorser’s name does not per se necessarily import an assignment to him, or the character and effect of that which may have been intended. This is not, however, because he has no right as the holder, but only because he has failed to furnish sufficient evidence of his right, and which evidence the blank endorsement and the delivery of the bill to him gave him the power to complete, by filling the blank in such a manner as to prove specifically and certainly the nature of the right passed to him by the endorser.
The principle recognized in all the reported cases on this point, shows indisputably, that such blank endorsement implies a transfer to the holder, of the bill, of some right to it, and of absolute dominion over it, and also, *418 an authority to fill up the blank, so as to exhibit written proof of the specific character of that right; and that, of course, as long as the holder has possession of the bill, his inherent power to fill up the blank, co-existing with his right, does not depend on the continued will, or the life, of the endorser, who had parted with all his control over it, and (as afterwards is made certain by the filling of the blank,) all his interest in it, by endorsing his name on it, and delivering it to the holder. In the language of Lord Ellenborough, in the case of Vincent et al. vs Horlock et al. (1 Camp. 442,) the filling of the blank endorsement by writing a full and formal assignment to the holder, is only ‘ ‘ expressio eorum qua laicte insunt ” — (the expression of those things which are inherent in, or implied by, the simple endorsement of the name itself.)
When that which was thus rather equivocally and comprehensively implied, has been thus specifically and certainly expressed, the endorsee may not only sue, but recover, in his own name; and as the making certain what was before somewhat uncertain, only effects the evidence of the right, and not the existence of the right itself, it may be done at any time before the trial of a suit on the bill, and without the consent of the endorser, or even against his will at that time. And the single fact that the holder, under such blank endorsement, may sue in his own name, whilst the endorsement remains blank, would alone be sufficient to prove that such endorsement vested a legal interest in him, and that, the filling required i to enable him to recover judgment, is necessary only as the requisite proof of that right.
Then, had the note in this case been a bill of exchange, the suit should be maintained in the name of Cope, because the endorsement of Davis’ name after that of the payee (Carson,) shows that Carson had endorsed and delivered the note to Davis, and the latter to Cope; and consequently, (as the authorized filling of the blanks since proves,) the interest in the note had in fact passed to Davis, and from him to Cope, before his death.
And we are of the opinion, that the effect of the endorsements on the note, is precisely what it would have *419 been on a bill of exchange; for though promissory notes have not been here or in Pennsylvania, as far as we know, as they were in England by a statute of Ann, made negotiable by statute as bills of exchange, yet this court has decided, and we think correctly, that such notes, being quasi mercantile, should, whenever negotiable by assignment, be governed as to negotiability, by the lex mercatoria; and that, therefore, the delivery of a note and endorsement of the payee’s name alone, imply an authority to the holder to fill the blank with a general and express assignment to himself. Owings and Weir vs. Grimes, 5 Litt. Rep. 333.
Our statute authorizing the assignment of such a note, and declaring that the legal right shall be in the assignee, prescribes no mode of assignment, but leaves that to be determined by convenience and the analogies of the common law. And therefore, as to the question of assignment, we can perceive no essential difference between a bill of exchange and a promissory note, even when an assignment of the latter passes only in equity to the assignee, as may possibly have been the case in Pennsylvania.
Wherefore, in the opinion of this Court, the defence in this case, is insufficient to bar the action in Cope’s name; and therefore, the judgment of the Circuit Court is reversed, and the cause remanded with instructions to sustain the demurrer.