## Whaley *vs* Vanhook.

Assumpsit.

'Case 54,

Sept. 27.

ERROR TO THE BOURBON CIRCUIT.

*Assignor and Assignee.*

JUDGE BRECK delivered the opinion of the Court.

THE demurrer to the declaration, we think, was properly overruled; for although the first count may be somewhat defective in setting out the assignment by Whaley to the plaintiff, yet the second count is good, and upon *that* the plaintiff, upon proof of having used the requisite diligence, is entitled to recover.

It appears that suit was instituted upon the assigned note, at the first term of the Court after the assignment, and judgment obtained at the same term, execution thereon issued in due time, and returned, "no property." That the suit was set for trial upon the docket, on the 11th day of the month, but judgment not entered till the 22d, the last day of the term, is relied upon as evidence of failing to use due diligence.

Why judgment was not rendered on the 11th, or at an earlier day than the 22d, does not appear. But in the absence of testimony as to the cause of the delay to enter the judgment, we are not inclined to regard it as indicative of negligence on the part of the assignee or his counsel. Such diligence, we think, was used by the assignee as to render the assignor responsible upon his assignment. The note purports to have been given in consideration of the purchase of land, but whether a lien upon the land was retained for its payment does not appear, and in the absence of any testimony upon the subject, and as the assignor was not the payee or obligee, we are of opinion that the mere fact that the consideration of the note was a sale of land, *ought not to affect the direct liability* of the assignor to the plaintiff.

Wherefore, the judgment is affirmed.

*Owsley & Goodloe and Robinson & Johnson* for plaintiff: *Monroe and Smith* for defendant.

Suit brought by assignee at the first Court after the assignment and set for the 11th day of the term & not tried for eleven days thereafter (nothing further appearing) does not show any want of *diligence*.

That an assigned note purports on its face to have been given for the third instalment of a tract of land sold, does not, without any allegation or proof that the lien still exists, bar the assignee from his recourse over against the assignor after prosecuting the obligor to insolvency.

*October* 9.

PETITION FOR A RE-HEARING,

By Messrs. Owsley & Goodloe.

IN an action by the assignee of a note, against his as-signor, upon the assignment, due diligence consists in ex-hausting all the remedies, direct and collateral, to coerce payment: *Smallwood* vs *Woods*, (1 *Bibb*, 546;) *Trimble* vs *Webb*, (1 *Monroe*, 103.)

If it appears from the record of the action brought by the assignee against the obligor, that a collateral or inci-dental remedy will probably coerce any part of the debt, a return of "*nulla bona*" does not show due diligence, without showing the result of the incidental or collateral remedies: *Parker* vs *Owing*, (3 *Mar.* 60;) *Owings and Weir* vs *Grimes*, (5 *Litt.* 334.)

In this case the assigned note recites that its considera-tion was the sale of a tract of land by the obligee to the obligor, and it is, therefore, a lien upon the land for its payment. The lien results from the contract of sale, and the burthen of proof is on him who denies it, to show that it has been displaced or waived; (2 *Story's Equity*, 470.) There is nothing in this record to show that the lien is lost or waived, but on the contrary, from all that appears, this Court is bound to recognize it as subsisting.

If a collateral remedy, *prima facie*, appears from the plaintiff's proof, the *onus* of showing it available does not rest upon the defendant. The plaintiff having shown that there are other remedies, must also show that he has pursued them, or that they are valueless. This principle was distinctly recognized in the case of *Owings & Weir* vs *Grimes*, (5 *Litt.* 334.)

The cases of *Lumon* vs *Neete* and *McFaddin* vs *Fin-nell*, (3 *B. Monroe*, 165 *and* 121,) do not conflict with the principle contended for above. In each of these cases it, *prima facie*, appeared from the plaintiff's proof, that he had exhausted every apparent remedy: but the defendant offered proof that the obligor had property and *choses in action*, and it was held that the defendant must also prove that the plaintiff had notice of it, and that it

could be made available in satisfaction of the judgment, or a part of it, before the plaintiff's right to recover could be defeated. In these cases, the plaintiff, upon his own proof, had a right, *prima facie*, to recover, and the official proof of the defendant did not defeat that right. But in the case under consideration, the plaintiff's proof shows notice of another remedy than the one pursued, the very existence of which, in all probability, made the one which was pursued, ineffectual, and therefore, has not made out a *prima facie* case for a recovery, and as the Court instructed the jury that the plaintiff was entitled to recover, we insist the case ought to have been reversed.

The fact that Whaley, the assignor, was not payee or obligee in the note, does not destroy the lien, nor do we suppose the Court, in alluding to that fact, intended to intimate an opinion to the contrary. No doctrine is better settled in Kentucky than that the lien follows the debt in the hands of legal or equitable holders.

A re-hearing is asked.

OWSLEY & GOODLOE, *for Whaley.*

### REPLICATION TO THE PETITION,

By B. & A. Monroe.

The opinion of the Court on one point alone is controverted. It is insisted, that as it is stated on the face of, the note given by Bills to Goodrich, and which was afterwards assigned by Whaley to Vanhook, without any intermediate assignment from Goodrich to Whaley, that it is "the third instalment for land sold," that this is *prima facie* evidence that a lien still exists or did exist at the commencement of the suit upon the lands for the payment of the amount of the note assigned.

This proposition is denied. Whether a lien ever did exist or not does not necessarily or *prima facie* appear from this recital in the note; nor did it follow if it ever did exist, that it existed at the commencement of the suit, or even when the note was assigned to Vanhook by Whaley; nor does it appear that the land lay within the State of Kentucky, or that it had not been conveyed or made liable for the first and second instalments if ever

liable. It would be presuming too much to say, that the recital in this note proved the affirmative of all those propositions, and threw upon Vanhook the burthen of proof of a negative, that the land never was liable, had been conveyed, the lien abandoned or that it lay out of the State, and especially when it is seen from the note itself, that Goodrich passed it off by delivery merely, without assignment, evidently intending by so doing to avoid responsibility as assignor.

The cases referred to by the petitioner's counsel are not in point. The case of *Parker* vs *Owings*, (3 *Mar.* 50,) certainly decides nothing more than that, as the debtor had surrendered a schedule of property and taken the oath of an insolvent debtor, it was indispensable that the assignee should show what had become of the effects, whether the debt, out of these effects, had been discharged in whole or in part.

The case of *Owings & Weir* vs *Grimes*, (5 *Lit.* 334,) only proves, that when the debtor had been taken under a *ca sa* and committed to jail, that it was necessary to show what was the result of that effort. It may have resulted as did the case of *Parker* vs *Owings;* the debtor may have surrendered property and taken the oath of an insolvent debtor, and that property may have been sufficient to pay the demand in whole or in part. There is a consistency in these cases but no analogy to the one under consideration.

It is not necessary to deny that the assignee is bound to pursue the collateral and incidental remedies given by *law* before resorting to the assignor : but it is denied that it is incumbent upon him to show that such remedies *do not exist*, but that it devolves upon the defendant to show that they do in fact exist. The return of *nulla bona* upon the execution, after due diligence in commencing and prosecuting his suit against the debtor, shows, *prima facie,* a right of recover, against the assignor. This position is amply sustained by the cases of *McFadden* vs *Finnell,* (3 *B. Monroe,* 122,) and *Lumon* vs *Neete,* (*Ib.* 165 ;) and it will not do to prove, that the debtor had property or *choses in action*, or that other collateral remedies did exist, without also proving, that the assignee had knowledge

of it, as the case of *McFadden* vs *Finnell et al.* fully proves. In this case there is a want of proof to both these points.

It is said in the case of *Trimble, &c.* vs *Webb, &c.* (1 *Monroe,* 103,) to which reference is made by the petitioner's counsel, that "ever since the case of *Smallwood* vs *Woods,* (1 *Bibb,* 524,) and indeed before, assignees have been held to reasonable diligence by suit, and nothing has been held sufficient to excuse the prosecution of legal remedies in the case of general assignments, where the person of the debtor was amenable to the process of law and there was no fraud. Moreover, remedy by law must be pursued in all its ramifications, and to its full extent, before any recourse can be had." It cannot be believed, that by the terms, "legal remedies" and *"remedy by law,"* used in the paragraph just quoted, that the Court intended them to be understood, in their most comprehensive sense, as embracing *law* and *equity ;* and that *fishing bills* and bills to set aside conveyances, &c. must all be resorted to before recourse could be had upon the assignor; and it is believed no case can be found, of the many adjudications by this Court upon that subject, where it has been held necessary to prosecute a suit in chancery to maintain recourse against his assignor. The cases in 3 *B. Monroe,* above referred to, do not so decide, but only say, that the fact that *choses in action* did exist, out of which the debt might have been satisfied, would not affect the right of the assignee to recover against the assignor without proof showing a knowledge of such *choses in action :* but whether, if that knowledge was proved they would hold it necessary that such suit in chancery should be prosecuted, is yet undecided as far as we can discover, and we presume it never will be so decided, as it would, in a variety of cases, be tantamount to a destruction of all remedy against assignors.

In the case in 1 *Monroe* above, the *legal* remedy had not been diligently pursued by the assignee, he doubtless relying upon the fact that the assignors had taken mortgages upon the debtor's property to indemnify themselves against the assignment of the note in that case and other demands which they held ; and in that state of case, the

Court do not intimate that a bill in chancery was necessary, on the part of the assignee, to subject the property to pay the demands before bringing their suits at law against the assignors to have satisfaction out of their own personal estate, which doubtless might have been done.

No reason is perceived why the opinion should not stand unchanged.      B. & A. MONROE.

<div align="center">RESPONSE,</div>

<div align="center">By Judge Breck.</div>

THE petition of the counsel of the plaintiff for a rehearing, and the replication thereto by the defendant's counsel, have been duly considered. Regarding the replication as ample and satisfactory, further response is deemed unnecessary.

The petition is overruled.