Mr. Justice Walker delivered the opinion of the Court. This is an action of debt upon an obligation assigned by the obligee to F. A. Maffitt, and by him to the plaintiff, who averred, in his declaratien, that the assignments were made on the day that the obligation was executed. In point of fact, the assignments were not dated. The defendant appeared to the action, and filed four pleas : the 2d and 3d of which admitted the execution of the assignments, but were intended to traverse material parts of the assignment, as in the second plea, that the assignment was not made at the time set forth in the declaration, but after the commencement of the suit. And in the third plea, that P. A. Maffitt was in fact but the agent for John Newland Maffitt, and had no power to make the assignment to him. It is unnecessary to remark upon the legal sufficiency of these pleas, as they were not demurred to ; and the only question is, as to the propriety of striking them out, because they were not sworn to, as required by sec. 6, Dig., ch. 15. The assignment was not the less valid because there was no date to it; because, if made in blank, the simple endorsement and delivery of the obligation would have constituted a valid assignment, (Sterling and Snapp vs. Rider, 2 Eng. 202,) and have vested in the holder of such obligation the right, at any time before or after suit brought, to fill up the blank, and thereby to furnish evidence of the specific character of such right, (Cope vs. Daniel, 9 Dana Rep. 417,) and, when so filled up, it related back and took effect as of the day when the obligation was endorsed in blank and delivered to the assignee, and although in this instance, no date was affixed to the assignment, as a consequence resulting from the endorsement and delivery, upon a legal presumption, the obligation is to be considered as having been endorsed on a day antecedent to its becoming due. Pettis vs. Wertlake et al., 3 Scam. Rep. 538. It follows, therefore, that this question arises just as it would have arisen had the assignment been dated as of the day alleged in the declaration ; and brings the question fairly up as to whether a plea may be allowed under the statute, which admits the execution of the assignment, and yet controverts the facts, or a material part of the facts which the assignment evidences, without affidavit. The counsel for the defendant has referred to the practice of filing pleas of nil debet without affidavit, and contends that, upon principle, pleas denying the assignment may be also fi] ed without affidavit, the effect of which would be to dispense with proof of the execution of the note or assignment, but to require proof of the allegations traversed by the plea. But when we refer to these statutes, we find a very marked difference between them. That in regard to pleas of nil debet expressly authorizes the filing of such plea without affidavit, but provides that unless there is such affidavit of the truth of the plea, the plaintiff shall not be required to prove the execution of the note. But the statute in regard to assignménts makes 13.0 such provision for filing pleas denying the assignment of an instrument sued upon, without affidavit, So far from this, like the statutes in regard to pleas in abatement and pleas impeaching the consideration of the note or bond sued upon, it expressly requires that the plea shall not be filed without such affidavit, making the affidavit a condition precedent to the right to file the plea; nor is this all the statute requires : the truth of the plea is to be sworn to, just as in matters of abatement and failure of consideration, for it provides that an affidavit shall be filed denying the assignment, (and denying any one material part of the assignment, is denying the assignment,) and also stating that the affiant verily believes such assignments, or one of them, to have been forged. Unless this be done, the statute denies the right to file such plea; and as the pleas in this case were filed without affidavit, they were properly stricken out on motion for the purpose; and such was our decision in the cese of Sevier vs. Wilson, 3 Eng. 498, where the same question was presented. The 4th plea was objectionable upon the same ground that we have held the 2d and 3d pleas properly stricken out. Finding no error in the judgment and decision of the circuit court, the same is in all things affirmed. Chief Justice "Watkins not sitting.