## MILLS v. PARROTT.

Court of Appeals of Kentucky.
March 13, 1951.

Henry G. Boldrick, Lebanon, for appellant.

J. W. Hodges, Elizabethtown, for appellee.

HELM, Justice.

Appellee, E. H. Parrott, doing business as the Kentucky Loan Company, filed a petition in equity for a declaration of rights. The court overruled the demurrer of appellant, Paul Mills, to the petition. Appellant declined to plead further. The court entered judgment from which this appeal is prosecuted.

The petition alleges that appellee is authorized and licensed under KRS, Chapter 288, to operate a small loan company in Lebanon. On February 20, 1950, appellant borrowed from appellee $225, to be repaid in twelve monthly installments. Appellant owed $203.85 on an electric stove. He executed a note for $225 and a chattel mortgage giving a lien on the stove to secure the payment of the note.

It is pleaded that after the negotiations for the loan were completed, appellee explained to appellant he could purchase insurance on his life for the term of the loan for a premium of $1 for each $100 of the loan; appellee could assist appellant in the application for such insurance, if appellant so desired; appellant voluntarily and without compulsion on the part of appellee requested it to assist him in an application for such insurance. An application signed by appellant was presented to Ben J. Lancaster of Lebanon, an authorized agent of Credit Life Insurance Company of Springfield, Ohio. The application was accepted and a policy of insurance issued providing that the amount payable "shall be paid to the first beneficiary (Kentucky Loan Company) as its interest may appear. If the payable amount exceeds the interest of the first beneficiary the balance of said payable amount shall be paid to the second beneficiary (Sudie Mills, wife) if then living, otherwise to the estate of the assured."

The loan company issued three checks in payment of the amount of the loan; the first payable to Paul Mills and the O. K. Radio Shop in the amount of $203.85 for the unpaid purchase price of the stove; the second payable to Paul Mills and Ben J. Lancaster, agent for the life insurance company, for $2.25; the third for $18.90, for the balance of the loan, to Paul Mills, individually. The first two were endorsed by Mills and later delivered to the radio shop and to Lancaster.

It is alleged that the agent, Lancaster, has no financial interest in the Kentucky Loan Company; neither the Kentucky Loan Company nor any of the partners in or employees of the Kentucky Loan Company received any compensation or rebate

852

by reason of the insurance policy having been written; appellee is not affiliated with, is not a subsidiary of, and does not have any financial interest in the Credit Life Insurance Company, and the insurance company is not affiliated with and does not have any financial interest in the loan company; any commission paid by the insurance company was paid to the agent, Lancaster; the only benefit accruing to appellee was the added security in the event of the death of appellant, and in accordance with KRS 288.090 a written authorization was obtained from the Commissioner of Banking.

It appears that appellant defaulted in his first payment of $23.10. He claims that the loan is void and the note he executed is unenforceable because appellee violated KRS 288.150(2) which provides: "* * * In addition to the interest provided for in this section no further charge or amount whatsoever for any examination, service, brokerage, commission, expense, fee, or bonus or any other thing shall be directly or indirectly charged, contracted for, or received, except the lawful fees actually and necessarily paid out by the licensee to any public official for filing or recording in any public office any instrument securing the loan."

KRS 288.170 provides: "Loans made in violation of any of the provisions of this chapter are void and the lender shall have no right to collect or receive any principal, interest or other charges."

Unscrupulous lenders, knowing the willingness of borrowers to concede whatever may be demanded or to promise whatever may be exacted in order to obtain temporary relief from financial embarrassment, exacted unreasonable rates of interest and other charges. Our small loan act of 1934, now KRS, Chapter 288, was enacted to put an end to this evil. The statute provides that a lender shall make no charge or profit except the rate of interest expressly provided. Loans made in violation of the provisions of KRS 288.150(2) are declared void and in such case a lender shall have no right to collect or receive either principal, interest or other charges. KRS 288.210 provides that no licensee under the act shall take any lien upon real estate as a security for any loan. But liens against personal property are not prohibited.

The pledging of life insurance policies as security for loans is a common practice. Here it appears the loan company suggested the taking of insurance and assisted appellant in making his application, and by agreement with him deducted the amount of the premium from the loan made, but they did not directly or indirectly receive any part of this premium. The loan company was not connected with the insurance company in any capacity or in any way. According to the petition, there was no violation of the above-quoted provisions of KRS 288.150. We cannot say that the offering of life insurance to secure a small loan is improper, provided there is no violation of KRS, Chapter 288.

The Chancellor, in his opinion, said: "* * * my investigations * * * satisfy me that what was done here, as disclosed by the petition, does not warrant a holding that the statute was violated. The taking out of the insurance was not a requirement for making the loan by plaintiff; plaintiff has no financial or other interest in or connection with the insurance company involved; the premium was paid to a third person who has no interest in the loan; and the plaintiff received no additional compensation for the use of its money by reason of the issual of the policy."

He declared:

"(1) That the note executed and delivered by the defendant, Paul Mills, to the plaintiff, E. H. Parrott, d/b/a Kentucky Loan Company, is a valid and enforcible obligation * * *.

"(2) That the payment of the premium from the proceeds of the loan for an insurance policy on the life of the defendant, Paul Mills, to protect and secure the payment of the loan represented by said note violated no section of Chapter 288 of the Kentucky Revised Statutes."

The provisions of KRS, Chapter 288, governing small loans, are strict. They are properly so, in view of the evil the provisions were enacted to prevent.

The allegations of the petition in this test case, taken as true on demurrer, do not indicate there was any violation or evasion of the provisions of our small loan act. That being true, we are not able, on the basis of the pleadings in this case, to say the Chancellor did not reach the correct conclusion.

The judgment is affirmed.