**Jane Land GOODWIN, Appellant,**

v.

**Joseph A. GOODWIN'S EXECUTOR (Security Trust Company) et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1956.

Rehearing Denied June 8, 1956.

J. Owen Reynolds, Troy D. Savage, Lexington, for appellant.

Stoll, Keenon & Park, by James Park, Lexington, for Security Trust Company, as executor of the estate of Joseph A. Goodwin, deceased.

Earl B. Rose, Beattyville, for William I. Goodwin, Mary Eleanor Goodwin, Mary Louise Tenney Fraser, Herman Fraser, Dwight Goodwin Tenney and Betty Wallace Tenney.

Daniel N. Brock, Lexington, Guardian ad litem for William Joseph Goodwin, Eleanor Clay Goodwin, Earl Wallace Tenney, Elizabeth Tenney, Richard Fraser, and Robert Fraser.

WADDILL, Commissioner.

This is an appeal from a judgment entered in an action by The Security Trust Company, executor of the estate of Joseph A. Goodwin, for settlement of the estate and a declaration of rights. The only question before us on this appeal is the proper disposition of $25,000 representing the purchase price of a certain tract of land owned by the testator.

Testator devised his real estate, with certain exceptions, to his wife Jane Land Goodwin, for life, remainder to two nephews and a niece. The children of the niece and nephews were given a contingent remainder in the event their parents did not survive the life tenant. After certain spe-

cific bequests, the remainder of testator's personal property was bequeathed to the niece and nephews with similar contingent remainders.

Sometime before his death testator was approached by an agent of the Department of Highways, in reference to purchasing a certain tract of land owned by testator on the Winchester Pike in Fayette County. The initial offer of $18,000 made by the State was refused and a subsequent counter-offer of $25,000 was agreed upon. On February 20, 1953, a deed was executed by testator and his wife and delivered to the agent of the Department of Highways. At this time the agent informed the testator that it would be necessary for the deed to be approved by the Attorney General and the Commissioner of Highways, and he agreed that the deed would not be recorded until the purchase price was paid. It was also agreed that the testator would retain possession until work on the road began.

About March 28, 1953, the deed was approved by an Assistant Attorney General and was forwarded to the Commissioner of Highways who approved it and authorized payment on April 1, 1953. Joseph Goodwin died on April 7, 1953. The check for $25,-000 was delivered to Joseph Goodwin's executor, Security Trust Company, and the deed recorded on May 20, 1953.

The executor paid Mrs. Goodwin $1,-462.50, which was the calculated value of the widow's inchoate right of dower, and took the position that the sale and transfer of the property were completed prior to the death of the testator which resulted in an ademption of the devise, and therefore, Mrs. Goodwin received no interest in the property or in the proceeds from its sale under the will. The circuit court was of the same opinion and entered a judgment accordingly.

Appellant urges several grounds for reversal. She first contends that title to the property did not pass until the consideration was actually paid, relying on Section 13 of the Kentucky Constitution. Section 13 provides:

"* * * nor shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being *previously* made to him."

Constitutional provisions such as ours are generally construed as requiring that compensation be actually paid in condemnation proceedings before title passes. 18 Am.Jur., Eminent Domain, Section 305. The trial court however, considered this transaction a voluntary sale, within the meaning of the Kentucky Constitution, § 13, and with this we agree. The mere fact that one party to the transaction had a legal right to condemn does not as a matter of law make this an involuntary sale. The evidence before the trial court, and the record before us, indicates quite clearly that neither of the parties was dealing at a disadvantage. The original offer was made by the State, however the price at which the sale was finally made was proposed by the testator. Section 13 of our Constitution does not apply to voluntary sales to which the State is a party, and does not therefore require that the purchase price be actually paid as a condition precedent to passing of title.

Appellant also contends that even though Section 13 of the Kentucky Constitution is not applicable, the deed was delivered by testator to the agent of the State upon the condition that title would not pass until the purchase price was paid. Where a deed is delivered to the grantee, there is a strong presumption that it is so delivered with the intent of presently passing title. However, the presumption is not conclusive and can be overcome by clear and convincing evidence. Hood v. Nichol, 236 Ky. 779, 34 S.W.2d 429. Appellant relies upon the agreements entered into between testator and the agent of the State at the time the deed was executed, to show an intent on the part of the parties that the deed was not to operate to pass title until compensation was made. The agreements were not inconsistent, however, with the construction placed upon them by the trial court in hold-

ing that the testator did not intend to deliver the deed conditionally.

The contention by appellant that the terms of the will manifest a clear intention on the part of the testator to preserve a certain proportional interest in his estate between the devisee and legatees, so that the proceeds of the sale of the realty must pass to the devisee in order to comply with this intent, is refuted by the will itself. Item V devises a life estate to Jane Land Goodwin, in "all real estate * * * which I may own at the time of my death." This provision clearly indicates that testator anticipated that the amount of his realty would vary from time to time and the amount that would pass upon his death was uncertain.

As the sale and transfer of the property were completed before the death of the testator, there was an ademption of the devise in question and the court properly held that the proceeds passed to the niece and nephews as personal property under the will.

Judgment affirmed.