Louise A. PALMER, Walter Beason, Norman B. Mullins, Carolyn K. Mullins, Albert G. Steiner, Mary F. Steiner, Appellants,

v.

BANK OF LOUISVILLE AND TRUST COMPANY, Appellee.

Court of Appeals of Kentucky.

Jan. 11, 1985.

Joseph S. Elder, II, Louisville, for appellants.

James R. Cox, Greenebaum, Doll & McDonald, Louisville, for appellee.

Before MILLER, COOPER and DUNN, JJ.

DUNN, Judge.

Appellants, all consumer borrower customers of the appellee bank, appeal from the summary judgment of the Jefferson Circuit Court entered against them in favor of the bank in this consolidated action against it testing the validity of charges for real estate title search fees, appraisal fees, and title insurance fees incidental to their second mortgage loans measured by the limitations in KRS 287.215(2) and seeking to enforce those limitations.

KRS 287.215(2), part of the statute which governs certain installment loans made by Kentucky banks, in pertinent part provides:

> In addition to the charge permitted by this section, no further amount shall be directly or indirectly charged, contracted for or received on any such installment loan, except lawful fees actually paid to a public officer for filing, recording or releasing any instrument securing the loan and delinquent charges hereinafter set out, and except an investigation fee not exceeding one dollar ($1.00) for each fifty dollars ($50.00) or fraction thereof upon the first eight hundred dollars ($800.00) of the principal amounts of such loans.

Appellants argue that the charges in question, which in each instance were listed on the face of the note as "charges to the borrower" and which were included in the total amount borrowed, were statutorily impermissible, and under KRS 287.215(10), if charged willfully, the loan is void and the bank is prevented from collecting interest. We disagree completely.

Each loan in question was secured by real estate as collateral. The bank, in making the loans, not only had the right, but also had the duty, to insist that the loan be secure. Towards this end it could almost arbitrarily require that all or any of the requirements of satisfactory appraisal, title examination or title insurance be provided before lending the money. But it did not do so as evidenced by different requirements for each of the appellants. For appellant Beason's loan, all three were required; for the appellants Palmer's and Steiner's loans, only appraisal and title examination were required; while for the appellant Mullins' loan, all required was a title examination. Each loan, considered on its own circumstances, dictated what was necessary to afford reasonable security measures in advance of the loan.

The title and appraisal services for the appellants were provided by independent attorneys and appraisers and the charges were paid directly to them by the bank from the loan proceeds. It retained none of the charges nor did it benefit from them, despite appellants' argument to the contrary that it did so indirectly from collecting interest on the charges part of the loans. This inconsequential benefit is too remote to fall within the spirit of the act and the abuses it seeks to prohibit.

There is no Kentucky case construing KRS 287.215(2) in this regard, but in connection with an analogous statute concerning prohibited charges, *Mills v. Parrott*, Ky., 237 S.W.2d 851 (1951), held that under KRS 288.150(2), the small loans statute, the prohibition that "no further charge or amount whatsoever for any examination, service, brokerage commission, expense, fee or bonus or any other thing shall be directly or indirectly charged..." was not violated by a small loan company in disbursing proceeds for credit life insurance to the insuring company, since it received no direct or indirect benefit from it.

The practices under attack in this case are not unique to the Bank of Louisville, but rather are common to banks making similar loans throughout Kentucky.

As we have already observed, to insure that loans are adequately secured, Kentucky banks typically demand appraisals, title reports or title insurance when making first or second mortgage loans. The Kentucky Department of Banking, which annually audits and examines Kentucky banks and is the state statutory regulatory authority for the banking industry, has consistently interpreted KRS 287.215 to permit such disbursements of such fees and charges to third parties and has issued official policy guidelines to that effect.

We agree with the bank that the terms of the statute are ambiguous, as evidenced by the diverse points of view concerning it in this very litigation, in the sense reasonable differences of opinion exist as to its meaning. We can, and do, therefore, give weight to the Kentucky Department of Banking's interpretation permitting disbursements to a third party.

In summary of this issue, we hold that charges for appraisal fees, title examinations, and title insurance and which are

disbursed to third parties, are not prohibited by KRS 287.215(2). The statute applies only to fees and charges received and retained by the lender.

Here, as in all summary judgment cases, we must consider two questions: 1) Are there any genuine issues as to material facts, and 2) is there entitlement to judgment as a matter of law? All considerations are loaded in favor of the non-movant. *Maggard v. McKelvey*, Ky.App., 627 S.W.2d 44 (1981); *Shah v. American Synthetic Rubber Corp.*, Ky., 655 S.W.2d 489 (1983).

There being no issue concerning the material facts attendant to this issue before the trial court, we affirm its summary judgment in the bank's favor.

Since the resolution of this issue is dispositive of the basic dispute between the parties, we need not address the statute of limitations issue and the issue of willfulness that are also addressed in the parties' briefs.

The summary judgment of the Jefferson Circuit Court is AFFIRMED.

All concur.