**Beth T. McCASLIN (Now Roberts) and Debra Kalaw, Appellants,**

v.

**Jerry M. HAMILTON, Individually and as Administrator of the Estate of Maxine Hamilton, Deceased; Delbert J. Glenn Funeral Home, Inc.; and Cardinal Federal Savings & Loan Association, Appellees.**

Court of Appeals of Kentucky.

March 27, 1987.

John M. McCarthy, Hawesville, for appellants.

Patrick D. Pace, Owensboro, for Hamilton.

B.C. Green, Owensboro, for Cardinal Federal Sav. & Loan.

John G. Thacker, Owensboro, for Glenn Funeral Home.

Before COOPER, DYCHE and REYNOLDS, JJ.

COOPER, Judge.

This is an appeal from a summary judgment and amended summary judgment of the trial court declaring that the appellee, Jerry Hamilton, is the fee simple owner of particular real estate, and further ordering the appellants, Beth T. McCaslin and Debra Kalaw, to deliver to the appellee personal property owned by Maxine Hamilton at the time of her death. The issue for review is whether summary judgment in these circumstances was appropriate. CR 56.03. Reviewing the record below, we affirm.

The appellants are the adult daughters of Maxine Hamilton who married the appellee in 1971. In 1972, Maxine and the appellee bought a house and recorded their deed at that time. The deed recited that they held the property with right of survivorship. In 1975 the couple separated, Maxine filed a petition for dissolution, and the couple executed a separation agreement. As part of this agreement, the appellee signed a deed purporting to convey his interest in the house to Maxine. Nevertheless, the couple reconciled after about three months and continued to live together until Maxine's death in October of 1983. The dissolution action was stricken from the docket of the Daviess Circuit Court on January 31, 1977, as an old, inactive case. A few days after Maxine's death, the appellants were going through some of the papers at the house, and discovered the deed signed by the appellee in 1975. They promptly recorded it at the courthouse. In addition, they took some items of personalty which had belonged to the deceased; this was done with the apparent acquiescence of the appellee.

The appellee was subsequently appointed administrator of his wife's estate and made application for a spousal exemption pursuant to KRS 391.030(1)(c). He also sought to regain the personal property taken by the deceased's daughters. Appellants filed a complaint in 1985 seeking to have the realty in question sold and the proceeds disbursed, presumably pursuant to intestate distribution. They also sought, in later documents, to be adjudged the owners of the personal property allegedly given to them shortly after their mother's death.

Both sides moved for summary judgment and the trial court ruled in favor of the appellees. The trial court found that the appellee was vested with fee simple title to the real estate by virtue of the survivorship clause in the deed of 1972, and ordered the appellants and their spouses to execute a quitclaim deed to him. The trial court also ordered the appellants to return to the appellee all personal property owned by Maxine Hamilton at the time of her death that was held by them or within their custody and control. It is from this summary judgment and amended summary judgment that appellants now appeal.

The scope of review in summary judgment cases is two-fold. The trial court must have found: (1) that there was no genuine issue as to any material fact; and (2) that the appellee was entitled to judgment as a matter of law. *Sexton v. Taylor County*, Ky.App., 692 S.W.2d 808, 809–810

(1985), *Palmer v. Bank of Louisville and Trust Co.*, Ky.App., 682 S.W.2d 789, 791 (1985); CR 56.03. The trial court so found and, having perused the entire record below, we agree with the trial court's determination.

■ In order for title to property to pass, there must be delivery of a deed and an accompanying intention to pass title. *Hood v. Nichol*, 236 Ky. 779, 34 S.W.2d 429, 436 (1931). While it is true that Maxine had possession of the deed at her death and that possession creates a presumption of delivery with intent to convey title, this presumption is not conclusive. *Id; Goodwin v. Goodwin's Executor*, Ky., 290 S.W.2d 458, 460 (1956). The separation agreement explicitly states that the deed "shall be delivered to [Maxine] upon entry of the Decree of Dissolution herein." The deed, separation agreement, and petition for dissolution all were prepared by Maxine's attorney. It seems apparent that Maxine's attorney must have handed the deed over to her. She had no right to be in possession of the deed until the dissolution was final, and appellants may not avail themselves of any legal presumption pertaining to delivery.

■ The appellants maintain that the appellee's intent was manifested by his delivery of the deed to Maxine. Yet, there is no indication that the appellee ever possessed the deed or delivered it to Maxine. Maxine most likely received it prematurely from her attorney. In addition, the separation agreement sustains the appellee's position that any transfer was to be in settlement of property rights and was conditioned upon the entry of a divorce decree. However, there was no divorce, and thus no alienation of his interest. Moreover, the appellee continued to make the mortgage payments after the reconciliation—an act inconsistent with an intent to divest himself of the property. Although Maxine's intent was not material here, we note that she herself never recorded the deed.

■ Vis-a-vis appellants' claim to the realty, we find that there is no genuine issue of material fact. Notwithstanding appellant's citation of *Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255 (1985), we do not believe there is any room for controversy on this point and the appellee is entitled to judgment as a matter of law. *Isaacs v. Cox*, Ky., 431 S.W.2d 494, 496 (1968).

■ The second issue the appellants raise is that the appellee, as surviving spouse, had the right to give them certain personalty Maxine owned at her death, and that he did indeed make such a gift. Here, the appellants "swooped down" on the appellee within days of his wife's death, and got mere acquiescence from him with respect to taking the personal property. After being appointed administrator of Maxine's estate and consulting with an attorney concerning his responsibilities as such, he realized he had a right and a duty to regain the personal property the appellants had taken. *Griffith's Administratrix v. Miller*, 285 Ky. 675, 149 S.W.2d 11, 14 (1941); 2 J. Merritt *Kentucky Practice Probate*, Sect. 1321 (2d Ed.1984). Consequently, the question of permission is not really an issue here since the appellee was not yet aware of his right to a spousal exemption, nor was he aware of his fiduciary duty to gather assets of the estate and pay the decedent's debts. KRS 141.030; 395.105; 395.195; 395.250. The appellee is entitled to recover the personalty from appellants as the trial court directed. Having considered the entire record carefully, we affirm the trial court's summary judgment and amended summary judgment.

Parenthetically, we note that this appeal comes perilously close to warranting sanctions pursuant to CR 73.02(4).

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

The judgment of the trial court is affirmed.

All concur.