RENDERED: SEPTEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1252-MR

B.J. WELTMAN A.K.A. B.J. SEWELL-          APPELLANT
WELTMAN

v.          APPEAL FROM SPENCER CIRCUIT COURT
HONORABLE CHARLES R. HICKMAN, JUDGE
ACTION NO. 18-CI-00049

JAVAN MONTGOMERY;
LIGHTHOUSE PROPERTY
MANAGEMENT, LLC A.K.A. LPM,
LLC; AND SAFE HARBOR
INVESTMENTS INC.          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE: This case involves two issues: that of a deed purporting to

convey a life estate as well as that of an allegedly wrongful eviction. Appellant,

B.J. Weltman, a.k.a. B.J. Sewell-Weltman, appeals a summary judgment of the

Spencer Circuit Court entered in favor of Appellees: Javan Montgomery;

Lighthouse Property Management, LLC, a.k.a. LPM, LLC; and Safe Harbor

Investments Inc. (referred to collectively as "Montgomery"). Weltman argues that

the circuit court erred in its construction of a document prepared by Montgomery

entitled "Life Estate Deed." Separately, she argues that the court erred by

dismissing her wrongful eviction claim. After our review, we affirm.

For many years, Weltman and her husband, Jerry Sewell, lived in an

apartment in a converted barn at 1537 Brashear's Creek Road in Taylorsville,

Kentucky. They resided on the property by virtue of a written lease agreement

between Montgomery and Taylorsville Lake Marina. Sewell performed

maintenance work at the marina and repaired boats brought to the property.

Montgomery and Sewell shared a close and extended working relationship.

Montgomery referred to Sewell as his "right-hand man." He allowed Sewell to

live in the apartment without paying rent. When they married, Weltman also

resided with Sewell at the apartment.

On June 23, 2017, Montgomery executed a document that he drafted

entitled "Life Estate Deed." The document provided, in relevant part, as follows:

> This deed is made on this day of June 23, 2017, (sic)
> between the Grantor Javan Montgomery / Lighthouse
> Property Management / Safe Harbour Investments of
> Address (sic) P.O. Box 98 Simpsonville, Ky. 40067 and
> the Grantee Jerry Sewell and BJ Sewell Weltman of
> address (sic) 1537 Brashears Creek Rd. Taylorsville, Ky,
> 40071. WITNESSETH, That the Grantor for good and
> valuable consideration paid by the Grantee for his

faithfulness of service, work commitment, and lifelong friendship the receipt of which is hereby acknowledged, does grant a lifetime residency in any property owned by Javan Montgomery or Lighthouse Property Management or Safe Harbour Investments: Property Address: Any residential property located in either Kentucky or Florida for the remainder of Jerry Sewell or BJ Sewell Weltman's life. Javan Montgomery's estate will be responsible for property insurance, property taxes, and property will remain unencumbered by a mortgage. If property has a mortgage Javan Montgomery's estate will be responsible for paying the mortgage as agreed. Grantee will be responsible for any upkeep of the property and any general maintenance. Capital improvements (HVAC, roof, windows, specifically any items over $5,000) will be considered responsibility of Grantor / Javan Montgomery's estate.

Legal Description: Property can be chosen by Grantee and changed by Grantee with the understanding that Javan Montgomery's wife (1), children (2), and parents (3) have first priority choice in that order.

[No description of any property followed despite this recitation above and the reference below.]

EXPRESSLY RESERVING Life Estate in the above described property unto the Grantor and its assigns. The Grantor shall have full ownership, possession, and use of the property while living. Upon the expiration of the Grantor's natural life, the ownership, rents, revenues and profits of the above described property shall remain in Javan Montgomery's estate.

Weltman is in possession of the instrument.

Jerry Sewell passed away on December 14, 2017. By correspondence

dated February 23, 2018, Weltman advised through counsel that she would

exercise her right under the provisions of the deed to make "an election as to which property owned by Lighthouse Property Management and/or Safe Harbour Investments or you personally [I] will elect to reside in in the near future." Weltman indicated that she did not want to continue residing at the Spencer County property and asked for a list of properties chosen by Montgomery's wife, children, and parents so that those could be eliminated from her array of choices. Thereafter, Montgomery provided Weltman with notice of eviction.

On March 29, 2018, Weltman filed a complaint and petition for a declaration of rights. She sought compensatory damages for wrongful eviction and a declaration of her rights under the terms of the deed. In an amended complaint, filed on June 8, 2018, Weltman asserted a cause of action for slander of title. Montgomery answered and denied that the deed conveyed any interest in any real property.

Following an evidentiary hearing, the parties filed competing motions for summary judgment. In an order entered on August 12, 2020, the circuit court concluded that the instrument relied upon by Weltman was ineffective to transfer any interest in real property. Having determined that Montgomery had been divested of no interest in the property by the provisions of the disputed deed, the court concluded that Weltman had no enforceable interest in the residence at Brashear's Creek Road. Consequently, it ordered Weltman to vacate the premises

within thirty (30) days.  Weltman filed a subsequent motion to alter, amend, or vacate, which was denied.  This appeal followed.

On appeal, Weltman argues that the circuit court erred by granting Montgomery's motion for summary judgment.  She contends that the deed was duly executed and delivered and that the description of the property is sufficient to convey to her a life estate in a parcel of real property that she selects.  Separately, Weltman argues that the circuit court erred by dismissing her claim for wrongful eviction.

A motion for summary judgment can be granted only where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR[1] 56.03.  Summary judgment is appropriate where the movant shows that the adverse party could not prevail under any circumstance.  *Pearson ex rel. Trent v. Nat'l Feeding Sys., Inc.*, 90 S.W.3d 46 (Ky. 2002).  We review the trial court's decision to grant summary judgment *de novo.  Caniff v. CSX Transp., Inc.*, 438 S.W.3d 368 (Ky. 2014).  We consider first whether the circuit court erred by concluding that there were no genuine issues as to any material fact and that

---

[1] Kentucky Rules of Civil Procedure.

Montgomery was entitled to judgment as a matter of law with respect to the disputed deed.

An interest in real property is conveyed by deed only where there is delivery of the deed with an intention to pass title. *McCaslin v. Hamilton*, 726 S.W.2d 713 (Ky. App. 1987). Where the intention of the grantor is that title will pass if and when something else happens, the manual transfer of possession of the deed to a grantee does not constitute such delivery as will divest a grantor of title. *Hood v. Nichol*, 236 Ky. 779, 34 S.W.2d 429 (1931). Title to property does not pass to a grantee where there is an understanding that title will pass from the grantor only upon the contingency of the death of the grantor **before** that of the grantee. *Id.*

Pursuant to the provisions of the disputed deed, Montgomery was to retain "full ownership, possession and use of the property while living." A life estate in property to be identified at a later time was to be conveyed to the grantees only if Montgomery predeceased them. Because the conveyance was contingent upon Montgomery's death, the circuit court did not err by concluding that the deed conveyed no interest in property to Weltman.

Nor did the court err by dismissing Weltman's claim for wrongful eviction. Before these proceedings were initiated, Montgomery provided to Weltman notice of eviction. In her complaint, Weltman alleged that

-6-

Montgomery's "threats of forcible detainer" were made in violation of her right to possess the property by virtue of the disputed deed. She sought to enjoin any interference with her right to the life estate and damages arising therefrom.

The circuit court correctly determined that the disputed deed conveyed no interest in any property to Weltman; therefore, it did not err by dismissing the claim that she asserted based upon her right to possess the property pursuant to the disputed deed.

The judgment of the Spencer Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

C. Gilmore Dutton, III
Shelbyville, Kentucky

BRIEF FOR APPELLEE:

Paul A. Zimlich
Taylorsville, Kentucky