## Finley, et al. v. Rose, et al.

(Decided October 22, 1920.)

### Appeal from Whitley Circuit Court.

1. Bills and Notes—Filling Blanks—Right of Executors of Deceased Holder to Insert His Name Where the Name of the Payee is Left Blank.—Where the name of the payee in a note is left blank the executors of the deceased holder may insert his name in the blank and recover on the note.

2. Bills and Notes—Filling Blanks—Unreasonable Delay.—Where the name of the payee in a note is left blank, a delay of seven years in filling the blank is not unreasonable so as to be fatal to a recovery thereon, where the makers are alive and the note has never been negotiated so as to cut off defenses, and the blank is filled before the institution of the suit.

TYE & SILER for appellants.

ROSE & POPE and H. C. GILLIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting appeal and reversing.

F. W. Finley and Charles Finley, as executors of H. F. Finley, deceased, brought this suit to recover on a promissory note for $200.00, dated December 1, 1908, payable six months after date "to the order of ..............," and purporting to have been executed by R. S. Rose and W. T. Davis with U. S. Ingram as surety. Besides other defenses which were controverted by reply, the defendants pleaded as follows: That when the note was signed and delivered, there was no name of any person as payee therein; that said writing remained in that form until after the death of H. F. Finley and the maturity of the note, when the same was materially altered by inserting in the face of said writing on said blank line and above the signatures thereto, the name of H. F. Finley as payee; that said alteration was made by plaintiffs; that said writing was never completed and was never an obligation upon defendants, and no cause of action to enforce same as against defendants ever accrued to said Finley, or to his estate, or to plaintiffs, and that the alteration was made without authority from the defendants, or any of them, and without their knowledge or consent. To this paragraph of the answer plaintiffs filed a reply, denying that the writing had been materially altered by inserting on the face thereof the name of H. F. Finley as payee, or that the writing was never a binding obligation upon defendants, or that no cause of action, or right to enforce same, ever accrued to said Finley, or to his estate, or to plaintiffs, but not denying that the name of H. F. Finley was inserted in the blank after Finley's death and the maturity of the note. To this paragraph of the reply a demurrer was sustained, and plaintiffs having declined to plead further, judgment was rendered in favor of defendants. Plaintiffs have moved for an appeal.

The rule is well settled that the name of the payee may be left blank, which makes the instrument payable in effect to bearer, and in such case the blank may be filled in by the holder. 8 C. J., p. 170, sec. 287. In the early case of Bank of Kentucky v. Garey, &c., 6 B. Mon. 626, the rule is thus stated:

"It seems also to be well settled that the holder of a bill payable to ......................, may insert his own name as payee, and that this may be done by any *bona fide* holder, and when done, that it will be deemed a bill, payable to such holder, as payee *ab initio*: Story on Bills, sec. 54; Chitty on Bills, 63, and authorities there cited; Ibid 177-8.

"The authority of the holder thus to fill the blank in the bill, and to fill up the blank indorsement thereon, is implied by law from the mere acts of the parties in signing and indorsing it. It is but carrying out their presumed intention to render themselves responsible, and that the instrument should be rendered complete and available as a bill in the hands of a *bona fide* purchaser or holder."

It is also the rule that a note issued in blank to the payees named may be filled up at any time, even at the trial. 3 R. C. L., p. 881; Bank of Kentucky v. Garey, *supra*.

While the above rule is conceded, it is insisted that the act of plaintiffs in inserting the name of H. F. Finley, as payee, was invalid because Finley was then dead, and because of the further fact that it was not done within a reasonable time. In support of this position it is argued that the law contemplates that the note should be made payable to a specified person, which necessarily means a person in being, and therefore no one has authority to insert the name of a payee who was dead at the time. This position is too technical for us to sanction. Manifestly, plaintiffs, as holders of the note, had the right to fill in the blank and make the note payable to themselves as executors, with the consequent right to bring suit in their names. By inserting the name of the deceased holder, they merely accomplished the same purpose in a different way. The note then became payable to him from the beginning, and plaintiffs, as the executors of the deceased holder, succeeded to his rights and were entitled to sue on the note. In so holding, the original purpose of the parties is carried out, and no right of the

makers is injuriously affected. We therefore conclude that the insertion of the name of the deceased holder as a payee was not fatal to a recovery on the note.

The note was dated December 1, 1908, and was payable six months from date. H. F. Finley, the holder, died on October 16, 1909. Suit was brought on September 14, 1915, and the blank was filled in before this suit was brought. It is therefore insisted that the blank was not filled in within a reasonbale time. There are certain kinds of blanks where a delay of much less than seven years in filling them might be altogether unreasonable, but where, as in this case, only the name of the payee is left blank, and both of the joint makers are alive, and the note has never been negotiated so as to cut off defenses, we are unable to perceive how the rights of the makers have been prejudiced by the delay of seven years. That being true, we hold that the delay in filling the blank was not fatal to a recovery on the note.

Wherefore, the appeal is granted, the judgment is reversed and the cause remanded for a new trial consistent with this opinion.