385 P.2d 151

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Jack DONALDSON, Defendant and Appellant.**

**No. 9905.**

Supreme Court of Utah.

Sept. 13, 1963.

Mitsunaga & Ross, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

WADE, Justice.

Jack Donaldson, appellant herein, was convicted of the crime of issuing a check against insufficient funds in violation of Sec. 76-20-11, U.C.A.1953, as amended by Utah Session Laws, 1955, Chapter 78.

The admitted facts are that appellant purchased gasoline from John Wilson, doing business as Cash Saver Service Station, and offered to pay for it by check. Mr. Wilson agreed to accept a check whereupon appellant filled in a blank check drawn on the order of the First Security Bank of Ogden, Utah, Main Branch, by writing in the date, and the amount in the sum of $25.00 and signing it as a drawer. Appellant did not insert the name of a payee. Appellant then tendered this instrument to Mr. Wilson, who gave him change for the difference in the amount due for the gasoline and the amount for which the check was made out. At the time appellant issued this instrument he knew that he did not have sufficient funds or credit with that bank for its payment upon presentation.

Appellant contends that because the instrument he issued did not contain the name of a payee that such instrument was not a check, draft or order for the payment of money upon a bank within the meaning of those terms as used in Sec. 76-20-11, U.C.A.1953, as amended, because a check is a bill of exchange and an instrument is not a bill of exchange unless it is made out to bearer or contains the name of the payee.

■ We find no merit to such contention. As stated in 7 Am.Jur., Bills and Notes:[1] "It is well settled by authority that the omission to insert in an instrument the name of a payee is not a feature or a defect which affects negotiability. The effect of the omission to name a payee is to invest any bona fide holder with the authority to fill in the blank left for that purpose by the drawer or maker. Such instruments are payable to the bearer until restricted in their currency as negotiable instruments by the insertion of the name of some particular payee."

■ Appellant having tendered Mr. Wilson the instrument as a check by leaving the name of the payee blank, authorized any bona fide holder to fill in the blank left for such purpose at any time.[2]

Affirmed.

HENRIOD, C. J., and CALLISTER, McDONOUGH, and CROCKETT, JJ., concur.

1. 7 Am.Jur., Sec. 94, pages 838-839. See also comment in dissenting opinion of Justice Knous in Shepherd v. People, 109 Colo. 582, 129 P.2d 104, 107.

2. Finley v. Rose, 189 Ky. 359, 224 S.W. 1059.