Jessie DAVIS, Appellant/Cross–Appellee,

v.

Darrell DAVIS, Appellee/Cross–Appellant.

Nos. 91–CA–610–MR, 91–CA–657–MR.

Court of Appeals of Kentucky.

May 15, 1992.

Discretionary Review Denied by Supreme Court Nov. 11, 1992.

Boyd F. Taylor, London, for appellant/cross-appellee.

James E. Hibbard, London, for appellee/cross-appellant.

Before GUDGEL, HUDDLESTON and McDONALD, JJ.

McDONALD, Judge.

This action was commenced on June 30, 1988, by the appellee, Darrell Davis, to collect the principal amount ($12,000) and interest due ($3,311) on a promissory note executed by appellant's husband, Aubrey Davis. Aubrey Davis and the appellant, Jessie Davis, were married in 1984. The note signed by Aubrey on January 15, 1985, is on a preprinted bank form. The bank's name was scratched out, as was the town. The note is not made to the order of anyone. Darrell, Aubrey's son by a previous marriage, alleged he was the holder of the note and demanded payment from Jessie.

Aubrey Davis died in July, 1987. Prior to his death his elderly mother, Eva Davis, had lived with Aubrey and Jessie. Aubrey and Eva each owned an undivided one-half interest in a piece of real property. There is no question that Eva executed a deed conveying her interest in the property to Aubrey. However, immediately after Aubrey died, Eva moved in with Darrell and requested that Jessie give her the deed. Jessie relinquished the deed and made no claim to Eva's half of the property until

this action was filed on the note. Eva died in a nursing home in July, 1988.

The trial court granted Darrell's motion for summary judgment on the note. The issue concerning the delivery of the deed was tried by a jury, which found for Darrell. Jessie has appealed both the summary judgment and the judgment rendered on the jury's verdict.

■ Jessie first argues the trial court erred in failing to grant her motion for directed verdict on the issue of ownership of the real property. While execution of the deed was stipulated, the evidence clearly established a fact question on the issue of whether Eva *delivered* the deed to Aubrey. The jury could have decided either way. Merely that Eva executed the deed and that the deed was kept in a file cabinet in Aubrey's bedroom does not as a matter of law prove Eva delivered the deed to Aubrey. Delivery is, of course, essential to establish title. *See, McCaslin v. Hamilton*, Ky.App., 726 S.W.2d 713 (1987).

We do find merit in Jessie's argument that the trial court erred in granting summary judgment on the note. Jessie argued in the trial court, as she does in this appeal, that Darrell failed to prove any ownership interest in the note that would allow him to maintain the suit. She also argues that the note cannot be enforced because it has been materially altered. We agree that the note is not enforceable albeit for different reasons.

■ Both the trial court and the parties were under the assumption that the note was a bearer instrument. Indeed, in her answer Jessie refers to the instrument as "bearer paper." In his brief before the trial court, Darrell cited the case of *Finley v. Rose*, 189 Ky. 359, 224 S.W. 1059 (1920), which holds that, "the rule is well settled that the name of the payee may be left blank, which makes the instrument payable in effect to the bearer." Darrell alleged that his grandmother was the holder of the note and that she transferred it to him prior to her death so that he could collect it for her. The note was not endorsed to Darrell but, of course, an instrument payable to bearer is negotiated by delivery and need not be endorsed. KRS 355.3–301.

The problem with Darrell's position, however, is that the instrument cannot be negotiated or enforced, as the underlying assumption about the status of the note is erroneous as a matter of law. The authority in *Finley v. Rose* has clearly been superseded by KRS 355.3–111, which describes bearer paper as follows:

355.3–111 Payable to bearer.—An instrument is payable to bearer when by its terms it is payable to

(a) bearer or the order of bearer; or

(b) a specified person or bearer; or

(c) "cash" or the order of "cash," or any other indication which does not purport to designate a specific payee.

The note is not a bearer instrument under any of the above statutory definitions. The note at issue actually reads: "1 year after date for value received, the undersigned maker(s) [Aubrey E. Davis] promise to pay to the order of: _____...." As such it is not a bearer instrument under any of the above statutory examples. This instrument is incomplete as defined by KRS 355.3–115. This provision of the code makes clear that instruments "incomplete in any necessary respect" cannot be enforced "until completed."

There is no evidence that Aubrey ever authorized anyone to complete the note during his lifetime. Darrell did not have possession of the note during his father's lifetime. There is no allegation or any evidence that Aubrey ever authorized anyone, much less Darrell, to complete the note. The note is unenforceable and the summary judgment is reversed.

The judgment of the Laurel Circuit Court is affirmed in part and reversed in part consistent with this opinion.

All concur.