2002 UT App 120

**STATE of Utah, Plaintiff and Appellee,**

v.

**Amber BARRICK and Travis Glenn Johnston, Defendants and Appellants.**

**No. 20010027–CA.**

Court of Appeals of Utah.

April 18, 2002.

Margaret P. Lindsay, Aldrich Nelson Weight & Esplin, Provo, for Appellants.

Mark L. Shurtleff, Attorney General and Christopher D. Ballard, Assistant Attorney General, for Appellee.

Before Judges BENCH, DAVIS, and ORME.

## OPINION

BENCH, Judge:

¶ 1 Defendants Amber Barrick and Travis Johnston appeal from conditional guilty pleas to one count each of attempted forgery. We affirm.

## BACKGROUND

¶ 2 Defendants allegedly found or otherwise acquired a money order. The money order had the signature and address of the purchaser, but the payee line was blank. The purchaser apparently bought the money order to pay a utility bill and did not know

either Defendant. One of the Defendants wrote Amber Barrick on the blank payee line, endorsed the money order, and then cashed it. Defendants were charged with Forgery, a third degree felony, in violation of Utah Code Ann. § 76-6-501 (1999). Defendants entered a plea of guilty to attempted forgery, conditional upon their right to appeal the denial of their motion to dismiss the forgery charge and their convictions for attempted forgery. *See* Utah Code Ann. § 76-4-101 (1999).

## ISSUES AND STANDARDS OF REVIEW

¶ 3 Defendants first argue that by filling in a name on a blank payee line, the legal significance of the instrument is not changed. Second, they argue that the trial court erred in concluding that their actions constitute forgery by the completion or utterance of a writing purporting to be the act of another as required by section 76-6-501 (Forgery Statute). *See* Utah Code Ann. § 76-6-501. Defendants claim that their actions constitute, at worst, the class A misdemeanor of theft of lost or mislaid property. *See* Utah Code Ann. § 76-6-407 (1999).[1]

▪ ¶ 4 "We review for correctness a trial court's statutory interpretation, according it no particular deference." *State v. Singh*, 819 P.2d 356, 359 (Utah Ct.App.1991) (quotations and citations omitted). "In interpreting a statute we give the words their usual and accepted meaning." *Gull Labs., Inc. v. Utah State Tax Comm'n*, 936 P.2d 1082, 1084 (Utah Ct.App.1997) (quotations and citation omitted). We first examine the statute's plain language, resorting to other methods of statutory interpretation only if the language is ambiguous. *See Hercules, Inc. v. Utah State Tax Comm'n*, 2000 UT App 372,¶ 9, 21 P.3d 231.

## ANALYSIS

▪ ¶ 5 The Forgery Statute provides, in part, that

(1) A person is guilty of forgery if, with purpose to defraud anyone, or with knowledge that he is facilitating a fraud to be perpetrated by anyone, he:

(a) alters any writing of another without his authority or utters any such altered writing; or

(b) makes [or] completes ... or utters any writing so that the writing or the making, [or the] completion ... or [the] utterance purports to be the act of another, whether the person is existent or nonexistent....

Utah Code Ann. § 76-6-501. Defendants do not contest that they had "purpose to defraud" or "knowledge" that they were facilitating a fraud. The requirements for forgery under the first part of section 76-6-501 are accordingly met. Therefore, we consider Defendants' actions and arguments in the order listed in the Forgery Statute: first looking at the issue of altering a writing without authority as stated in subsection (1)(a), and then considering whether Defendants completed or uttered the writing as specified in subsection (1)(b).

▪ ¶ 6 The language of the Forgery Statute is plain and unambiguous and we "give the words their usual and accepted meaning." *Gull Labs.*, 936 P.2d at 1084 (quotations and citation omitted). "When language is clear and unambiguous, it must be held to mean what it expresses, and no room is left for construction." *Hanchett v. Burbidge*, 59 Utah 127, 202 P. 377, 380 (1921). Defendants argue that the trial court erred when it concluded that their actions constituted forgery under section 76-6-501. Defendants contend that their actions did not change the legal significance of the instrument. Subsection (1)(a) of the Forgery Statute states that anyone who "alters any writing of another without his authority" is guilty of forgery. Utah Code Ann. § 76-6-501(1)(a). The purchaser of the money order did not know either Defendant. Therefore,

---

1. Utah Code Annotated § 76-6-407 (1999) provides, in part, that "[a] person commits theft when: (1) He obtains property of another which he knows to have been lost or mislaid ... without taking reasonable measures to return it to the owner; and (2) He has the purpose to deprive the owner of the property when he obtains the property...." We do not decide whether Defendants could be found guilty of theft of lost or mislaid property because that issue is not before us.

Defendants did not have the authority to alter or add anything to the money order. Inserting Barrick's name into the blank payee line clearly altered the money order. *See People v. Pool,* 185 Colo. 131, 522 P.2d 102, 104 (1974) (en banc) (holding that defendant committed forgery when, without authority, he altered a money order by filling in his own name as payee in the blank payee line, endorsed it, and then cashed it). Specifically, the money order was altered by Defendants in at least three respects. First, Defendants' conduct subverted the purchaser's intent as to who was to be paid by the money order. Second, the face of the money order was altered according to the meaning of "alter" by filling in a line that was left blank. Finally, as we discuss below, Defendants' conduct "altered" the writing within the meaning of the Forgery Statute by converting the money order from a bearer instrument to an order instrument, which changes the legal significance of the instrument. *See* Utah Code Ann. § 70A–3–109 (1997).

¶ 7 Section 70A–3–109, part of the Utah Uniform Commercial Code (UUCC), delineates the difference between a bearer instrument and an order instrument. That section provides, in part, that

> (1) A promise or order is *payable to bearer* if it:
>
>> (a) states that it is payable to bearer or to the order of bearer . . . ;
>>
>> (b) *does not state a payee;* or
>>
>> (c) states that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.
>
> (2) A promise or order that is not payable to bearer is *payable to order if it is payable to the order of an identified person,* or to an identified person or order. A promise or order that is payable to order is payable to the identified person.

*Id.* (emphasis added). A bearer instrument "does not state a payee" while an order instrument is "payable to order if it is payable to the order of an identified person." *Id.* When Defendants filled in one of their names on the blank payee line, the instrument ceased to be a bearer instrument and became payable to the order of an identified person. The newly created order instrument

restricted who could receive payment and changed the obligation of the parties to the money order. *See id.* Defendants' actions therefore "altered" the writing by changing the instrument from bearer to order, and in the process changed the instrument's legal significance. *See* Utah Code Ann. § 70A–3–115 (1997).

■ ¶ 8 Defendants also assert that the term "completes," as used in subsection (1)(b) of the Forgery Statute, refers to the negotiability of the instrument as specified in the UUCC. Defendants urge that the money order with a blank payee line was a completed, negotiable instrument, pointing to *State v. Donaldson,* 14 Utah 2d 401, 385 P.2d 151 (1963), as support. *Donaldson,* however, is easily distinguished from the instant case. *Donaldson* involved a defendant who challenged his conviction of issuing a bad check against insufficient funds. *See id.* at 151. The defendant argued that the instrument he issued was not a check because the payee section was left blank. *See id.* The court in *Donaldson* stated:

> It is well settled by authority that the omission to insert in an instrument the name of a payee is not a feature or a defect which affects negotiability. The effect of the omission to name a payee is to invest any *bona fide holder* with the authority to fill in the blank left for that purpose by the drawer or maker. Such instruments are payable to the bearer until restricted in their currency as negotiable instruments by the insertion of the name of some particular payee.

*Id.* at 151–52 (quotations and citation omitted) (emphasis added). The court used this language to conclude that the defendant's instrument was a check, although the payee section was left blank. *See id.* at 152. Unlike *Donaldson,* where the issue was whether an instrument was a negotiable check, the issue Defendants raise in the present case is whether a writing was completed.

¶ 9 The Forgery Statute states that a person is guilty of forgery if the person completes "any writing so that the writing . . . purports to be the act of another." Utah Code Ann. § 76–6–501(1)(b). A money order

is clearly a writing as defined by section 76–6–501(2), and Defendants do not challenge that their writing purported to be the act of another. *See* Utah Code Ann. § 76–6–501(1)(b). Based on the ordinary meaning of complete, Defendants "completed" a writing by inserting one of their names into the blank payee line. This action completed an order instrument that prior to the entering of Barrick's name was incomplete as an order instrument, and by so doing purported to be the act of the purchaser in designating Barrick as the intended payee. *See* Utah Code Ann. § 70A–3–115. Accordingly, we conclude that the Defendants also "completed" the writing.

¶ 10 Finally, Defendants contend that they did not "utter" the instrument as the term is used in the Forgery Statute. When the Defendants cashed the forged instrument, they, in effect, uttered the instrument. *See State v. Green*, 89 Utah 437, 57 P.2d 750, 757 (1936) (holding that offering a forged check with intent to defraud and knowing that it is false constitutes uttering); *see also State v. Gorham*, 93 Utah 274, 72 P.2d 656,

660 (1937) (concluding that to convict defendant of uttering a forged instrument, it may be sufficient to show the passing of an instrument known by defendant to be false or forged and it is not essential to prove that the defendant personally forged the instrument).

## CONCLUSION

¶ 11 We conclude that the trial court did not err in denying Defendants' motion to dismiss, and in finding that Defendants' actions legally constituted the offense of forgery. The decision of the trial court is therefore affirmed.

¶ 12 WE CONCUR: JAMES Z. DAVIS, Judge, and GREGORY K. ORME, Judge.