2002 UT App 273

STATE of Utah, Plaintiff and Appellee,

v.

Martin QUINONEZ–GAITON, Defendant and Appellant.

No. 20010194–CA.

Court of Appeals of Utah.

Aug. 15, 2002.

---

Karen Stam and Catherine E. Lilly, Salt Lake Legal Defender Association, for Appellant.

Mark L. Shurtleff, Attorney General, and Kenneth A. Bronston, Assistant Attorney General, for Appellee.

Before Judges BILLINGS, GREENWOOD, and ORME.

## OPINION

ORME, Judge:

¶ 1 Defendant Martin' Quinonez–Gaiton challenges his convictions on four counts of sodomy on a child, first degree felonies in violation of Utah Code Ann. § 76–5–403.1 (1999). Defendant argues that by prohibiting his lawyer's questioning of the victim about a sexual act the victim engaged in with another child and by denying his request for a hearing to explore the admissibility of such evidence, the trial court violated his constitutional right to confront the witnesses against him. In addition, Defendant assails the trial court's admission of hearsay testimony under Utah Code Ann. § 76–5–411 (1999) and argues that reversal is warranted under the cumulative error doctrine. We reject these contentions and affirm the convictions.

## BACKGROUND

¶ 2 In late January 2000, nine-year-old A.A. was visiting at his father's home. According to preliminary hearing testimony, at some point in the day, A.A.'s stepmother discovered A.A. engaged in an oral sex act with her son and aggressively questioned A.A. about where he had learned such behavior, repeatedly "yelling" at him, "Who did this to you?" A.A. told his stepmother that Defendant, who had lived with A.A., his mother, and his brothers for approximately five years, had forced him to engage in similar sexual acts.

¶ 3 An arrangement was made for A.A. to be interviewed on January 31, 2000, by a detective at the local Children's Justice Center. On February 4, 2000, A.A. was interviewed and examined at Primary Children's Medical Center by a family nurse practitioner with the hospital's child protection team. A few weeks later, Defendant was charged with four counts of sodomy on a child.

¶ 4 Both A.A. and his mother testified at the preliminary hearing. A.A. described the sexual abuse perpetrated by Defendant. On cross-examination, defense counsel asked A.A. what he was doing that led his stepmother to question him about his being

abused. A.A. acknowledged that he had been "doing something [he] shouldn't have been doing," but he would not say what that was. After a brief recess, the prosecutor explained that A.A. was "really falling apart" at being asked to discuss the inappropriate sexual contact he had with his stepbrother and stated, "he needs to get it over with." When asked again what precipitated his initial disclosure to his stepmother, A.A. finally explained that she caught him "sucking on [his] brother's [penis]."

¶ 5 Prior to trial, A.A.'s guardian ad litem filed a notice of intent to invoke, on behalf of her client, rule 412 of the Utah Rules of Evidence. Defendant responded with a motion requesting a hearing under rule 412 to determine the admissibility of evidence of A.A.'s inappropriate sexual contact with his stepbrother. The State countered with motions to deny the request for a rule 412 hearing and to exclude, under rule 412, evidence of the victim's sexual behavior, other than as a victim of abuse. While the State conceded that Defendant was entitled to have the jury know that A.A. was under considerable stress when he identified Defendant as his abuser, it argued that evidence of A.A.'s sexual conduct with his stepbrother did not fall under any of the three exceptions to rule 412, which generally prohibits admission of evidence concerning a victim's sexual conduct other than the charged abuse.

¶ 6 The trial court agreed with the State. As a result, the court denied Defendant's motions and directed defense counsel to restrict any questions addressing the circumstances of A.A.'s disclosure that Defendant had sexually abused him to matters other than the sexual conduct itself between A.A. and his stepbrother. Defendant renewed his motion for a rule 412 hearing, but the court denied that motion as well.

¶ 7 One week prior to trial, the State filed a notice of intent to rely on Utah Code Ann. § 76–5–411 (1999) to introduce hearsay statements made by A.A. during his interview with the detective at the Children's Justice Center. The statements would be read verbatim from a transcript of a video of the interview. Defendant objected to admission of the hearsay statements, arguing that the "notice is untimely since there has been no prior hearing as required by [section 76–5–411] focusing on the trustworthiness and reliability of such out-of-court statements." After reviewing the video of the interview and hearing argument from the parties, the trial court allowed the State to introduce the hearsay evidence, concluding that the "[n]otice given by the State was minimally sufficient" and that "[t]he statements made by A.A. to [the detective] during the Children's Justice Center interview were credible."

¶ 8 At his trial in December 2000, Defendant was convicted on four counts of sodomy upon a child. He now appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 9 Defendant argues that the trial court violated his Confrontation Clause rights when it excluded evidence of A.A.'s sexual activity involving his stepbrother and denied his request for an evidentiary hearing on that issue. Defendant also argues that the trial court committed error by allowing the detective to testify, under Utah Code Ann. § 76–5–411 (1999), about what A.A. told her during the interview at the Children's Justice Center.

Because the admission of evidence . . . is a question "of law, it is reviewed for correctness. However, the trial court's subsidiary factual determinations should be given deference by the appellate court and only be overruled when they are clearly erroneous." *State v. Taylor*, 818 P.2d 561, 568 (Utah Ct.App.1991) (citation omitted); *see also State v. Thurman*, 846 P.2d 1256, 1270 n. 11 (Utah 1993) (recognizing bifurcated standard when appeals court reviews underlying factual findings). When reviewing a trial court's balancing of the probativeness of a piece of evidence against its potential for unfair prejudice . . ., we reverse only if the court's decision as a matter of law "was beyond the limits of reasonability." *State v. Hamilton*, 827 P.2d 232, 240 (Utah 1992).

*State v. O'Neil*, 848 P.2d 694, 698–99 (Utah Ct.App.), *cert. denied*, 859 P.2d 585 (Utah 1993).

▉ ¶ 10 Rule 412 of the Utah Rules of Evidence governs when a hearing must be held to determine whether evidence of a victim's sexual history should be admitted. We review the trial court's interpretation of that rule for correctness, according no particular deference to the trial court. *See State v. Barrick*, 46 P.3d 770, 2002 UT App 120,¶ 4, 445 Utah Adv. Rep. 28.

### RULE 412  HEARING

▉ ¶ 11 Defendant contends that under rule 412 of the Utah Rules of Evidence, the trial court was required to hold an evidentiary hearing before determining that evidence of A.A.'s sexual history was inadmissible. "We interpret a rule by examining the rule's plain language and resort[ ] to other methods ... only if the language is ambiguous." *N.A.R., Inc. v. Farr*, 2000 UT App 62,¶ 5, 997 P.2d 343 (alterations in original; internal quotation marks and citations omitted). Rule 412 provides:

(a) Evidence generally inadmissible. The following evidence is not admissible in any criminal proceeding involving alleged sexual misconduct except as provided in paragraphs (b) and (c):

(1) evidence offered to prove that any alleged victim engaged in other sexual behavior; and

(2) evidence offered to prove any alleged victim's sexual predisposition.

(b) Exceptions. The following evidence is admissible, if otherwise admissible under these rules:

(1) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of the semen, injury, or other physical evidence;

(2) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered:

(A) by the accused to prove consent; or

(B) by the prosecution; and

(3) evidence the exclusion of which would violate the constitutional rights of the defendant.

(c) Procedure to determine admissibility.

. . . .

(2) Before *admitting* evidence under this rule, the court must conduct a hearing in camera and afford the alleged victim and parties a right to attend and be heard. The motion, related papers, and record of the hearing must be sealed and remain under seal unless the court orders otherwise.

Utah R. Evid. 412 (emphasis added).

▉ ¶ 12 The plain language of this rule indicates that a trial court is required to hold a hearing only if it intends to *admit* evidence of the victim's prior sexual conduct. Such a hearing provides the victim with a final opportunity to be heard prior to having his or her sexual history discussed in open court. But where the court determines that it will not admit such evidence—and the thrust of the rule is that all such evidence will ordinarily be excluded—the requirement that a hearing be held is simply not triggered. A hearing is contemplated only if the court sees the applicability of one of the limited exceptions and intends to admit such evidence.

▉ ¶ 13 The trial court in this case chose to exclude evidence of A.A.'s sexual history. It appropriately recognized, therefore, that the requested hearing, evidentiary or otherwise, was not required.

### ADMISSIBILITY OF EVIDENCE OF VICTIM'S PRIOR SEXUAL CONDUCT

¶ 14 Defendant next contends that the trial court violated his right to confront the witnesses against him when it excluded evidence of A.A.'s sexual encounter with his stepbrother under rule 412. Utah courts have long recognized that "evidence of an alleged [sexual abuse] victim's past sexual activities with someone other than the accused 'carr[ies] a presumption of unfair[ness]' due to its 'unusual propensity to unfairly prejudice, inflame, or mislead the jury,' and thus, 'distort the deliberative process and skew the trial's outcome.'" *State v. Martin*, 2002 UT 34,-¶ 40, 44 P.3d 805 (quoting *State v. Dibello*, 780 P.2d 1221, 1229 (Utah 1989)). *See State v. Moton*, 749 P.2d 639, 643–44 (Utah 1988).

Rule 412 mandates that such evidence should be admitted only for specifically authorized, narrowly focused purposes.

¶ 15 In *Moton*, the Utah Supreme Court affirmed a trial court's decision to exclude evidence of a child victim's prior sexual activities where alternative methods of establishing that the victim "had the knowledge required to fabricate an accusation against the defendant" existed and where the trial court allowed the defendant to pose "questions relevant to the victim's sexual knowledge, her past lies ... and possible motives for lying." *Moton*, 749 P.2d at 644.

¶ 16 The case at bar presents similar circumstances. Prior to trial, the State conceded that Defendant should be granted some latitude in posing questions directed at establishing that A.A. initially identified Defendant as his abuser when in trouble with his stepmother. The prosecutor explained that defense counsel "can say, when did you first talk about this? I told my step-mother. My step-mother asked me who had performed oral sex on me. She demanded to know, and I answered that it was Martin. That line of questioning can come in without asking what behavior he was engaging in." The trial court also indicated that Defendant was entitled to use "other ways" to question the reliability of A.A.'s initial disclosure.

¶ 17 Where the exclusion of evidence of a victim's sexual history does not preclude the defendant from effectively challenging the credibility of the victim, and where the defendant is provided a reasonable opportunity to adequately explore, by alternative methods, the substance of his complaints regarding the veracity of the victim's allegations, any need to disclose the victim's prior sexual conduct is substantially diminished and a trial court should ordinarily exclude it. *See id.; Martin*, 44 P.3d 805, 2002 UT 34 at

¶ 42 (acknowledging that it is within trial court's discretion to "carefully direct[ ] the scope of questioning away from such inadmissible information or [to] issu[e] a limiting instruction to ensure that evidence prohibited by rule 412 is not considered by the jury").

¶ 18 It was not necessary to expose the fact that A.A. engaged in a sexual act with his stepbrother to effectively challenge the credibility of the accusations he made against Defendant. In fact, revealing that A.A. engaged in a sexual act with his stepbrother sheds little or no light, by itself, on why A.A. would be motivated to accuse Defendant, of all the people in the world, of sexually abusing him.[1] In contrast, the perceived need to blurt out a name in the hope of terminating parental browbeating sheds such light, wholly aside from exactly what prompted the browbeating. Had the trial court denied Defendant an opportunity to show that, at the time of his disclosure, A.A.'s stepmother was upset with him and was demanding that he tell her who engaged in sexual acts with him, it would have handicapped his defense and effectively denied Defendant a fair opportunity to confront A.A. However, the trial court preserved the option of challenging A.A.'s credibility in ways short of disclosing that he had engaged in a sexual act. The prosecution even provided examples of how that could appropriately be done. Under these circumstances, we cannot say the trial court erred in determining that Defendant's right to confront the witnesses against him was not violated by the court's prohibiting disclosure to the jury of the victim's sexual encounter with his stepbrother.[2]

## ADMISSION OF HEARSAY EVIDENCE

¶ 19 Utah Code Ann. § 76–5–411 (1999) creates a statutory exception to the hearsay

1. With this reality in mind, Defendant's purpose in having A.A.'s naughty deed disclosed to the jury may surely be questioned. The avoidance of letting a jury know, more or less gratuitously, that a victim of a sex offense is himself "no angel" is the very reason for rule 412. Such a distraction should play no role in the consideration of whether a defendant was guilty of a particular sex crime on a particular occasion.

2. We recognize that other courts have reached seemingly inconsistent conclusions. *See, e.g., State v. Jalo*, 27 Or.App. 845, 557 P.2d 1359 (1976). The facts of *Jalo*, however, do not appear to present a circumstance where the prosecution and court recognized that the defendant should be allowed, by posing questions that challenged the victim's credibility without revealing the victim's sexual history, to explore the alleged victim's motive to falsely accuse the defendant.

rule.[3] It permits the admission of hearsay statements in child sex abuse cases under limited circumstances. Defendant argues that the State failed to comply with the statute by not providing adequate notice of its intent to have the detective testify about what A.A. said during the interview at the Children's Justice Center. In addition, Defendant contends that the out-of-court statements were inadmissible because they did not bear the indicia of reliability required by Utah Code Ann. § 76–5–411(2) (1999). The statute provides, in relevant part, as follows:

(1) Notwithstanding any rule of evidence, a child victim's out-of-court statement regarding sexual abuse of that child is admissible as evidence although it does not qualify under an existing hearsay exception, if:

(a) the child is available to testify in court or under Rule 15.5(2) or (3), Utah Rules of Criminal Procedure;

. . . .

(2) Prior to admission of any statement into evidence under this section, the judge shall determine whether the interest of justice will best be served by admission of that statement. In making this determination the judge shall consider the age and maturity of the child, the nature and duration of the abuse, the relationship of the child to the offender, and the reliability of the assertion and of the child.

(3) A statement admitted under this section shall be made available to the adverse party *sufficiently in advance of the trial or proceeding, to provide him with an opportunity to prepare to meet it.*

Utah Code Ann. § 76–5–411 (1999) (emphasis added).

### Notice

¶ 20 The plain language of subsection 76–5–411(3) does not define a specific time within which the prosecution must notify a defendant of its intent to rely on such hearsay. In electing not to define a specific timeframe, the Legislature necessarily vested trial courts with the discretion to determine, on a case-by-case basis, what constitutes sufficient notice under all the circumstances. Thus, subsection (3) of the statute requires only that the statement be made available to the adverse party "sufficiently in advance of the trial or proceeding, to provide him with an opportunity to prepare to meet it." Utah Code Ann. § 76–5–411(3) (1999).

¶ 21 In this case, the hearsay permitted by the court came from the transcript of A.A.'s interview at the Children's Justice Center. Although Defendant was notified of the State's intent to rely on this hearsay evidence only one week before trial, Defendant's attorney had been given a copy of the transcript six months before. Furthermore, the hearsay testimony was almost identical to the live testimony provided by A.A. at both the preliminary hearing and trial. Defense counsel was, therefore, clearly familiar with the testimony, and, on the record before us, it does not appear that Defendant was in any way prejudiced by its admission.

### Reliability

¶ 22 Defendant also argues that the hearsay evidence admitted was "riddled with indications of unreliability" and, therefore, "[t]he trial court ... erred in determining that the hearsay testimony was admissible under [section] 76–5–411." We are not persuaded.

¶ 23 Subsection 76–5–411(2) mandates that a trial court "determine whether the interest of justice will best be served by admission of the statements." *Julian v. State,* 966 P.2d 249, 255 (Utah 1998). To comply with the statute, a trial court must "consider the age and maturity of the child, the nature and duration of the abuse, the relationship of the child to the offender, and the reliability of the assertion and of the child." Utah Code Ann. § 76–5–411(2) (1999). *Accord Julian,* 966 P.2d at 255. In addition, courts evaluating the reliability of a child's out-of-court statement should consider factors such as

---

**3.** The implications, if any, of Article VIII, section 4, have not been raised and are not before us. *See* Utah Const. art. VIII, § 4 ("The Supreme Court shall adopt rules of ... evidence to be used in the courts of the state.... The Legislature may amend the Rules of ... Evidence ... upon a vote of two-thirds of all members of both houses of the Legislature.").

"how soon after the event it was given, whether the statement was spontaneous, the questions asked to elicit it, the number of times the statement was repeated or rehearsed, and whether the statement is reproduced verbatim in court, *viz.*, tape recording, video tape, or otherwise."

*State v. Matsamas*, 808 P.2d 1048, 1051 (Utah 1991) (quoting *State v. Nelson*, 725 P.2d 1353, 1356 n. 3 (Utah 1986)). A trial court is then required to " 'enter findings and conclusions regarding each of the factors listed in the statute to explain its reasons for admitting or excluding the testimony.' " *Id.* (citation and emphasis omitted).

¶ 24 In *Matsamas*, the Utah Supreme Court explained that a trial court's failure to consider these factors is reviewed for "clear error." *Id.* at 1052. However, a trial court's decision to admit or exclude the testimony following careful consideration of the factors outlined in subsection 76–5–411(2) is necessarily a product of the court's discretion, reviewed under the abuse of discretion standard. *See State v. Whittle*, 1999 UT 96, ¶ 20, 989 P.2d 52 (explaining that when a trial court is balancing factors in determining the admissibility of evidence, the "trial court has broad discretion to admit or exclude evidence and its determination typically will only be disturbed if it constitutes an abuse of discretion").

¶ 25 The trial court in this case considered the required factors, especially those relating to reliability. The court then explained in open court why it reached the conclusions it did regarding each factor.[4] Despite having acknowledged that problems existed with some of A.A.'s testimony, including inconsistent statements by A.A. regarding the frequency of the sexual abuse, the court ultimately concluded that the testimony

was sufficiently reliable and that "justice [would] best be served by admitting the statements." Where there is substantial evidence supporting the trial court's findings with respect to factors weighing in favor of admission, we will not second guess a trial court's informed decision that the evidence should be admitted. *See id.*

## CONCLUSION

¶ 26 Having determined that it would not admit evidence revealing that A.A. was caught engaging in sexual activity with his stepbrother, the trial court was not required to conduct a hearing as contemplated in rule 412 of the Utah Rules of Evidence. Nor did the trial court err by excluding evidence of the victim's prior sexual conduct under rule 412. This is especially true given that Defendant was free to challenge A.A.'s accusations by posing questions that probed A.A.'s credibility without disclosing that A.A. had committed a sexual act with another child. Furthermore, Defendant was provided adequate notice to prepare for the hearsay testimony offered by the State through the detective. Finally, the trial court, having considered and weighed the relevant factors, did not abuse its discretion in admitting the detective's testimony.

¶ 27 Affirmed.[5]

¶ 28 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and PAMELA T. GREENWOOD, Judge.

---

4. For example, the trial court explained that A.A. "seemed to be reasonably adept at following directions and relaying experiences," that "[A.A.] seemed to be reasonably mature," that A.A. consistently testified that abuse had occurred and that it occurred "when he was seven years old," that Defendant lived with A.A. and his mother

during the time in question, and that no evidence suggested A.A. had rehearsed his testimony.

5. As we have rejected each of Defendant's individual assignments of error, it follows that his cumulative error argument is unavailing.