**F I L E D**
United States Court of Appeals
Tenth Circuit

**August 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTIN QUINONEZ-GAITAN,

　　Petitioner-Appellant,

v.

GREG JACQUERT; STATE OF
UTAH,

　　Respondents-Appellees.

No. 07-4092
(D.C. No. 2:03-CV-720-TC)
(D. Utah)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Martin Quinonez-Gaitan,[1] a state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's dismissal of his

§ 2254 habeas petition. For substantially the same reasons set forth by the district

court, we **DENY** a COA and **DISMISS** the appeal.

---

[1] We note a discrepancy in the record as to whether Quinonez-Gaitan's
maternal surname is spelled "Gaitan" or "Gaiton." Because he spells his own
surname "Gaitan" in his pro se filings, we adopt that spelling.

# I

Quinonez-Gaitan is serving four consecutive sentences of ten years to life in prison following a jury conviction on four counts of child sodomy in violation of Utah state law. His conviction was affirmed on direct appeal, and the Utah Supreme Court denied certiorari. After exhausting these remedies, Quinonez-Gaitan brought a § 2254 habeas petition asserting the following grounds for collateral relief: (1) violation of his Sixth Amendment right to confrontation by exclusion of evidence related to his victim's prior sexual history under Utah R. Evid. 412; (2) violation of his Sixth Amendment right to confrontation by admission of unreliable hearsay testimony; (3) actual innocence; (4) ineffective assistance of trial counsel in investigating his case; (5) ineffective assistance of appellate counsel; (6) insufficiency of the evidence; and (7) cumulative error.

The district court dismissed the last four of these claims as barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. As to his claim of actual innocence, the court held that the petition merely asserted the same arguments raised before the trial court and that it did not allege any new evidence not previously presented at trial. With regard to the Confrontation Clause claims, the court held that the state trial court's decisions to exclude evidence of the victim's prior sexual history and to admit hearsay testimony provided by the victim were not contrary to, and did not involve an unreasonable application of, clearly established federal law. See 28 U.S.C. §

2254(d)(1).  Quinonez-Gaitan now appeals from the district court's dismissal of his habeas action and seeks a COA from this court.[2]

## II

Construing his pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Quinonez-Gaitan advances three claims on appeal:  (1) He is actually innocent; (2) His Sixth Amendment right to confrontation was violated by the trial court's refusal to allow him to cross-examine the victim about the victim's prior sexual history; and (3) His Sixth Amendment right to confrontation was violated by the trial court's admission of hearsay statements made by the child victim to a detective investigating the sexual abuse.

Quinonez-Gaitan's first claim, that of actual innocence, is meritless.  He raises no new evidence not previously presented at his trial.  See Schlup v. Delo, 513 U.S. 298, 324 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial.").

---

[2] AEDPA conditions a state petitioner's right to appeal a denial of habeas relief upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  Quinonez-Gaitan must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).  Because the district court did not rule on whether to grant a COA, we assume it was denied.  10th Cir. R. 22.1(C).  Accordingly, Quinonez-Gaitan may not appeal the district court's decision absent a grant of a COA by this court.

As to his Confrontation Clause claims, Quinonez-Gaitan must establish that the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Quinonez-Gaitan contends that the trial court impermissibly restricted the scope of his cross-examination of the victim. At trial, Quinonez-Gaitan sought to elicit testimony from the child victim that the victim initially identified Quinonez-Gaitan as his abuser only after his mother caught him engaging in a sexual act with his stepbrother. Quinonez-Gaitan argued that this testimony tended to establish that the victim had a motive to name Quinonez-Gaitan as his abuser, such as trying to avoid punishment from his mother. We reject this contention.

One of the chief purposes of the Confrontation Clause is to secure the right of a criminal defendant to cross-examine the witnesses offered against him. Davis v. Alaska, 415 U.S. 308, 316 (1974). "Cross-examination is the principal means by which the believability of a witness and the truth of testimony are tested." Id. This right to cross-examination, however, is not without its bounds. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits . . . based on concerns about, among other

- 4 -

things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Thus the clause only "guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam) (emphasis in original).

Despite excluding references to the sexual act between the victim and his stepbrother in this case, the trial court did allow Quinonez-Gaitan some latitude to question the victim with regard to the circumstances under which he revealed his accuser's name. Indeed, even the prosecution conceded prior to trial that Quinonez-Gaitan should have the opportunity to elaborate on the circumstances in which the victim made the accusatory statement, including the fact that the victim was under considerable stress from his mother at the time he identified Quinonez-Gaitan as his abuser. As the Utah Court of Appeals noted:

> It was not necessary to expose the fact that [the victim] engaged in a sexual act with his stepbrother to effectively challenge the credibility of the accusations he made against Defendant. In fact, revealing that [the victim] engaged in a sexual act with his stepbrother sheds little or no light, by itself, on why [the victim] would be motivated to accuse Defendant, of all the people in the world, of sexually abusing him. In contrast, the perceived need to blurt out a name in the hope of terminating a parental browbeating sheds such light, wholly aside from exactly what prompted the browbeating.

State v. Quinonez-Gaiton, 54 P.3d 139, 144 (Utah Ct. App. 2002). We cannot say that the limitation placed on the scope of Quinonez-Gaitan's cross-examination of the victim was an unreasonable application of clearly established federal law. Moreover, Quinonez-Gaitan has failed to cite any factually similar Supreme Court case that would demonstrate the Utah courts decided his case in a manner contrary to established federal law.

In his second Confrontation Clause claim, Quinonez-Gaitan argues that the trial court violated his constitutional rights by allowing a detective testifying at his trial to quote allegedly unreliable hearsay statements made by the child victim during an interview with the detective. This argument also lacks merit.

The victim testified at trial and the defense had a full and effective opportunity to cross-examine him, including regarding the admitted hearsay statements. See California v. Green, 399 U.S. 149, 158 (1970) ("[T]he Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination."); Nelson v. O'Neil, 402 U.S. 622, 627 (1971) ("The Constitution . . . is violated *only* where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for 'full and effective' cross-examination." (emphasis in original)). Because the trial court did not misapply applicable Supreme Court precedent in admitting these statements, the decision to

exclude this testimony was not contrary to, and did not involve, an unreasonable application of clearly established federal law.

Quinonez-Gaitan's request for a COA is **DENIED**, and his appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge